### The State v. Johnson.

### Same v. Crocker.

1. **Criminal Law**: NUISANCE: SELLING BEER. There is no statute of this state making the sale of beer unlawful; and as the amendment to the constitution, submitted to the people June 27, 1882, prohibiting the sale of beer, was not lawfully adopted, *held* that the defendants were improperly indicted and convicted, under section 4092 of the Code, for selling beer to divers persons, to the common nuisance and annoyance of the neighborhood. BECK, J., *dissenting*.

*Appeal from Kossuth District Court.*

*Appeal from Story District Court.*

THURSDAY, SEPTEMBER 20.

INDICTMENTS charging that the defendants, since the twenty-seventh day of June, 1882, sold beer to divers persons, "to the common nuisance and annoyance of the neighborhood." The defendants pleaded not guilty. There was a trial to the court, and judgment was rendered against the defendants and they appeal.

*A. L. Hudson, Geo. E. Clark* and *Martin, Sellers & Barnes*, for the appellants.

*Smith McPherson, Attorney-general*, for the State.

SEEVERS, J.—In the first case defendant admitted in open court that he had sold beer, as charged in the indictment, since the twenty-seventh day of June, 1882; and in the second case the same fact was found by the court from the evidence introduced on the trial. The question, therefore, is the same in both cases, and that is, whether the sale of beer is unlawful in this state. It is not claimed by the Attorney-general that there is any statute making it unlawful to sell beer, but he insists that on the twenty-seventh day of June, 1882, the

electors of the state ratified and adopted an amendment to the constitution, whereby the sale of beer was prohibited and made unlawful, and therefore the defendants were lawfully convicted, under section 4092 of the Code, which provides for the punishment of all persons who may be convicted of a nuisance under the statute or at common law.

To sustain the judgments in the cases at bar, it is essential that the amendment to the constitution should have been legally adopted, and that it was in force at the time the judgments were pronounced in the district court.

It was held in *Koehler & Lange v. Hill*, 60 Iowa, 543, that the amendment aforesaid to the constitution was not legally adopted, and that the same never was in force. It therefore follows that the defendants are not guilty of any crime under the laws or constitution of this state.

The judgments of the district court must be

REVERSED.

Mr. JUSTICE BECK *dissents.*