BYINGTON v. FOUNTAIN ET AL.

1. **Mortgage**: DEED CONSIDERED AS. A conveyance absolute upon its face, made in consideration of a debt, and a bond back to the grantor to reconvey upon payment of the debt, is only a mortgage in equity.

2. ———: MERGER IN LEGAL TITLE. Where one who was the owner of land, encumbered by two mortgages of his own execution, transferred his title to plaintiff, and plaintiff afterward bought in and had assigned to him the senior notes and mortgage, the mortgage thus purchased was merged in the title, and the purchase was but the payment of it, and resulted in advancing the junior mortgage to the position of a first lien. Consequently, an action brought by the purchaser to compel the junior mortgage holder to redeem from the senior mortgage, was properly dismissed.

*Appeal from Johnson Circuit Court.*

THURSDAY, SEPTEMBER 20.

THIS is an action in equity to quiet the title to land. The court dismissed the plaintiff's petition, and he appeals. The material facts are stated in the opinion.

*Byington Bros.*, for the appellant.

*Boal & Jackson* and *Baker & Ball*, for the appellees.

DAY, J.—The case will be best understood by a chronological statement of the material facts. On the twenty-sixth day of January, 1867, R. H. Paddock, being the owner of the land in controversy, executed a mortgage thereon to the Amana Society, to secure the payment of two notes of $50 each, and one note of $500, payable in one, two, and three years. On the thirty-first day of October, 1867, Robert H. Paddock deeded said land to Rush Clark and George J. Boal, they at the same time executing to him a bond, reciting that the conveyance was in consideration of moneys advanced and professional services rendered, and agreeing to deed back the premises upon payment of all sums justly due, and interest at ten per cent. On the twenty-fourth day of January, 1868,

for the consideration of $1,050, Paddock assigned his interest in this bond to Charles McCallister, as trustee of the children of Le Grand and Mary Byington, and authorized him to receive the deed for the land, and the rents and profits from the date of the assignment. On the first day of February, 1868, Charles McCallister assigned this contract to Seymour L. Byington, one of the children mentioned in the assignment to him. On the twenty-ninth of April, 1869, Clark and Boal conveyed said premises to John Campbell by a deed warranting the title, except against the mortgage to the Amana Society. On the twenty-third day of October, 1869, the Amana Society assigned the notes and mortgage in question to Seymour L. Byington.

In November, 1870, the plaintiff, by his duly appointed guardian, brought suit to foreclose said mortgage against Robert H. Paddock and wife, making George J. Boal and Rush Clark parties defendants as subsequent encumbrancers, but not making Campbell a party, who, at that time, had succeeded to all the interest of Clark and Boal.

On the twentieth day of February, 1872, the defendants withdrew all claim for affirmative relief, and Clark and Boal admitted the allegations of the petition, and judgment was rendered in favor of the plaintiff for $771 and costs.

On November thirteenth, 1879, Campbell and wife reconveyed all their interest in said property to William J. Haddock and Mrs. Mollie A. Boal, and on October twenty-eighth, 1880, William J. Haddock and his wife, and Mollie A. Boal and George J., her husband, executed two deeds, each conveying an undivided half interest in the land to the defendant, Andrew J. Fountain.

July ninth, 1880, the property was sold upon execution under the mortgage foreclosure to L. G. and S. L. Byington for $1,438.35. The certificate of purchase was assigned to plaintiff, and a sheriff's deed was executed to him July 11, 1881.

On the ninth day of September, 1881, this action was com-

menced, the plaintiff praying in his petition that the original foreclosure proceedings may be completed; that defendants' equity of redemption from said original mortgage may be foreclosed, and that they may be estopped from asserting any title adverse to petitioner, and that petitioner's title may be quieted.

As Campbell, who, at the time of the foreclosure of the senior mortgage executed to the Amana Society, had succeeded to the rights of Clark and Boal, was not made a party to that foreclosure proceeding, the object of this action is to compel those who have succeeded to his rights to redeem from the Amana mortgage, and, in the event of their failure to do so, to bar them of any interest in the property.

Both parties to this controversy concede that the deed from Paddock to Clark and Boal, in connection with the bond for a reconveyance, constituted a mere mortgage from Paddock to Clark and Boal. Paddock, then, was the owner of the land, encumbered by a senior mortgage to the Amana Society, and a junior mortgage to Clark and Boal. It was the legal duty of Paddock to discharge both of these mortgages, or, more properly speaking, the land was held by him burdened with both of these claims, and liable to be subjected to the payment of both of them. When the plaintiff succeeded to the rights of Paddock in this land, he took it just as it was held by Paddock, burdened with the payment of both mortgages. As between the plaintiff and the Amana Society and Boal and Clark, it was the duty of plaintiff to pay off both mortgages out of the land. When the plaintiff procured an assignment from the Amana Society of the notes and mortgage, this at once operated as an extinguishment of the mortgage. The mortgage came into possession of the party who was under obligation to pay it, at least to the extent of the value of the mortgaged land, and the same party thus becoming creditor and debtor, the debt was extinguished. By the assignment of the title bond from Paddock, the plaintiff became possessed of the equity of redemption from the Amana

mortgage itself. In *Vannice v. Bergen*, 16 Iowa, 555 (562), it is said: "As to the general propostion, that if the mortgagee purchases the equity of redemption from the mortgagor, the mortgage, as well as the mortgage debt, is extinguished, there is, of course, no doubt. For, ordinarily and legally, the effect of such an arrangement is to vest the mortgagee with the whole estate, and such an entire interest is inconsistent with his claim under the mortgage. *Wickersham v. Reeves & Miller*, 1 Iowa, 413. If, however, it was the intention to keep the mortgage alive, or if it is to the interest of the mortgagee, and it can be done without prejudice to the rights of the mortgagor or third persons, the doctrine of merger, as between them, will not apply." See also *Rankin v. Wilsey*, 17 Iowa, 463; *First National Bank of Waterloo v. Elmore*, 52 Iowa, 541; *Woodward v. Davis et al.*, 53 Iowa, 694. The intention to keep the mortgage alive, however, will avail only when it can be done without prejudice to the rights of third parties.

As against the plaintiff, the holders of the Clark and Boal mortgage have a right to have their mortgage satisfied out of the property in controversy. It is apparent that they will, or may, be deprived of this right, if they are compelled to redeem from the Amana mortgage. It is not competent for the plaintiff to purchase the Amana mortgage, and assert it in such manner as to prejudice the rights of the holders of the Clark and Boal mortgage, or deprive them of their right to have their debt satisfied out of the land. The court did not err in dismissing the plaintiff's petition.

AFFIRMED.

OPINION UPON APPLICATION FOR REHEARING.

DAY, CH. J.—A petition for rehearing was presented in this case, supplemented by an oral argument. No complaint is made of the legal propositions advanced in the foregoing opinion, but it is claimed that material facts established by

the pleadings have been overlooked. It is said in the application for rehearing that the petition alleges that Clark and Boal have been in the continuous possession of said premises, by their tenant, until the sale to Fountain, and that the defendants admit such possession from and including the year 1868. It is further said in the petition for rehearing that the answer alleges that "Clark and Boal were the owners in fee of said lands by absolute conveyance from Paddock and others, the owners thereof, which allegations were in the trial conceded to be true, and are now formally admitted to be so." This last statement involves an entire departure from the theory upon which the case was at first submitted to us. Upon the former submission it was conceded by both parties that the deed from Paddock to Clark and Boal, in connection with the bond for a reconveyance, constituted a mere mortgage from Paddock to Clark and Boal. And without any concession from the parties, it is clear that the deed and bond operated merely as a mortgage. If it should be conceded, then, that Clark and Boal and their grantee, Campbell, were in possession of the land, they were in possession as mortgagees and not as owners.

When the plaintiff succeeded to the legal title, his proper remedy was to bring an action against them to redeem, and to compel them to account for the profits. The plaintiff, having succeeded to the land burdened with the payment of both mortgages, cannot compel the holders of the Clark and Boal mortgage to pay off the Amana or senior mortgage We are fully satisfied with the disposition made of this case in the foregoing opinion. The petition for rehearing is overruled.