B. R. FOUCHE, Appellant, v. F. O. DELK, Appellee.

Mortgage: PAYMENT: MERGER. Where one in consideration of a con-
veyance of real estate assumed the payment of a mortgage thereon,
and afterwards upon making payment of the mortgage indebtedness
took an assignment of the mortgage to himself, *held,* that the lien of
the mortgage was merged in the legal title, and that a judgment
against the mortgagor, rendered subsequent to the mortgage, was a
superior lien to that of the mortgage in the hands of such assignee.

*Appeal from Decatur District Court.*—HON. JOHN W.
HARVEY, Judge.

WEDNESDAY, JUNE 3, 1891.

ACTION to subject real estate to the payment of
certain judgments. From the judgment as entered the
plaintiff appeals.—*Reversed.*

*Marion F. Stockey* and *W. B. Tallman,* for appel-
lant.

*S. A. Gates* and *Samuel Torrey,* for appellee.

GRANGER, J.—John Delk was in May, 1879, a res-
ident of Decatur county, the head of a family, and the
owner of seventy acres of land, described as "north
thirty acres of northwest quarter of northeast quarter
of section 4, and the northeast quarter of the north-
west quarter of said section 4, township 69, range 25."
The thirty acres in the northwest quarter of the north-
east quarter, and ten acres off of the east side of the
northeast quarter of the northwest quarter, constituted
the homestead of John Delk. In 1877, John Delk and
his wife made to one G. A. Hamilton a mortgage on all
of said land to secure the sum of one thousand dollars.
In May and June, 1879, the plaintiff obtained against

John Delk, in the district court of Clarke county, two judgments in the aggregate amount of two hundred and sixty-five dollars and ninety-two cents, and in the same months he filed duly certified transcripts of the same in the office of the clerk of the district court of Decatur county. The defendant is a son of John Delk; and in May, 1882, John Delk and his wife conveyed to the defendant all the land described, and made therefor two separate deeds, in one of which the homestead was conveyed and in the other the west thirty acres of the northeast quarter of the northwest quarter. The considerations expressed in the deeds are as follows: That in the one conveying the homestead being: "We deed said land as our homestead for the purpose of having the said Ferdinandus O. Delk provide us a comfortable home and living during the remainder of our lives; and it is expressly agreed that in case Ferdinandus O. Delk shall fail, neglect, or refuse to provide us a comfortable home and living the balance of our lives, then this deed to be null and void, and no title to pass from us." That in the other deed being: "Said consideration to consist in the said Ferdinandus O. Delk assuming and paying to George Hamilton, his executor or assigns, a certain mortgage executed to him by us on said thirty acres of land for one thousand dollars, together with all interest accrued thereon, fully relieving us from all liability by reason of said mortgage." John Delk and wife both died before the commencement of this action,—the latter in 1886, and the former in 1888; but were after the execution of the deed duly provided for by the defendant. The defendant afterwards paid to Hamilton the amount of his note and mortgage, and took an assignment as follows:

"For value received I assign the attached note and mortgage to Ferdinandus O. Delk, without recourse on me, this twelfth day of December, 1882.

"G. A. HAMILTON."

To obtain the money for the payment of Hamilton a note and mortgage on the thirty-acre tract was made to one Green, and afterwards the Green mortgage was paid, and a mortgage for eight hundred dollars was made to the defendant Hurst for the money applied to the discharge of the Green mortgage; the Hurst mortgage being still in part unpaid. The principal contention in the case is as to the legal effect of the payment of the Hamilton note; it being the claim of the plaintiff that it extinguished the lien of the mortgage, and gave priority to his judgment as against the thirty acres, not a part of the homestead. The defendant's contention is that the lien of the Hamilton mortgage is not extinguished, but exists for his protection against the lien of the judgments. In the consideration of the case other facts urged by the defendant will be noticed to the extent that they are important.

The district court gave judgment whereby the Hamilton note and mortgage is made a first lien on the thirty acres, not of the homestead, for nineteen hundred and twenty dollars, and the lien of the plaintiff's judgments, inferior thereto. Viewing the facts of the case as indicated by the deeds, wherein it is expressed that the consideration for the conveyance of the homestead is the support of John Delk and wife, and that for the remaining thirty acres the payment of the Hamilton mortgage, which was a lien on the entire tract, and the solution of the question is not difficult. The present contention as to liens is only as to the thirty-acre tract, and the agreement as to the homestead is only incidentally involved. In the deed for the thirty acres it is expressed that the defendant Delk assumes the payment of the mortgage; and, as between him and John Delk, he became the obligor. The payment, under such a state of facts, would merge the lien of the mortgage in the legal title, and be no longer superior to the judgment lien. *Johnson v.*

*Walter*, 60 Iowa, 315; *Byington v. Fountain*, 61 Iowa, 512; *Goodyear v. Goodyear*, 72 Iowa, 329.

There is a claim in argument by the appellee that, although there were two deeds, they were both parts of the one transaction in which he took the homestead, and was to care for his father and mother; that he would not have taken one piece of land without the other; and that it was the intention of himself and father at the time that the Hamilton mortgage should be assigned to him, and remain as a prior lien on the premises, and that such intention should now prevail. We need not consider the objections to the testimony, by which facts are claimed to be established, nor the legal significance of the facts, if established, for the evidence comes far short of its purpose. The defendant does not in his testimony say that there was between himself and father a talk of that kind; nor does he say that there was such an understanding, or any language from which the understanding could be deduced. We do not find in the testimony a word that even remotely sustains the claim that the parties, when the deeds were executed, intended anything but an absolute payment and discharge of the mortgage lien by the defendant. Much is said in argument to the effect that the value of the land (the thirty acres) did not exceed nine hundred dollars; that John Delk was dealing with his son for his support; that the purpose was to release the homestead from the lien of the mortgage; and that it could only be done so as to protect the defendant, by having the mortgage assigned to him and the lien continued; and that it is reasonable to suppose the parties so intended. But it is unreasonable to suppose they so intended, and not only failed to use any language to indicate the intent, but, on the contrary, used language of a different import. The defendant assumed the burden of showing the facts otherwise than expressed in the deeds, and to do so he must show more than that

the facts, as he claims them, would be to his own interest. The facts are clearly expressed in the writings of the parties, and sustain the legal conclusion above announced. With the facts as we find them, we need not consider the authorities cited by appellee.

It follows that the plaintiff should have his decree, and that the judgment of the district court must be REVERSED.