THOMPSON PRICE v. E. A. REA, Appellant.

Purchase "Subject to Incumbrances." Where land is conveyed subject to judgments on grantor's notes which the land is sufficient to pay, and buyer then takes an assignment of the notes and judgments upon them, he can not enforce them against sureties on such notes, and new notes given by the surety for them are without consideration, though further time was given.

*Appeal from Decatur District Court.*—HON. H. M. TOWNER, Judge.

TUESDAY, OCTOBER 9, 1894.

THIS is a suit in equity by which the plaintiff demands the cancellation of certain promissory notes and mortgages executed by the plaintiff to the defendant. There was a hearing on the merits, and a decree for the plaintiff. Defendant appeals.—*Affirmed.*

*Harvey & Parrish* for appellant.

*M. F. Stookey* and *N. P. Bullock* for appellee.

ROTHROCK, J.—It appears from the records in the case that J. I. Walker was the owner of five hundred and thirty acres of improved land in Decatur county. Walker was largely in debt, and his property was incumbered by mortgage and judgment liens. The plaintiff

was a surety for Walker on certain notes which had
been put in judgment as against Walker.   The defend-
ant  purchased  all  of  said  real  estate,  and  took  a
conveyance  thereof  from  Walker.   The  controversy
between the plaintiff and the defendant is whether the
defendant should be required to pay off the liens on
the land as part of the purchase money agreed to be
paid.   It appears that the defendant did  pay off  the
judgment debts for which plaintiff was surety, and took
an  assignment  thereof,  and  afterward  induced  the
plaintiff to execute the notes and mortgages in suit.   It
is claimed by plaintiff that they were procured by
fraud, and that they are without consideration, because
the defendant was bound to pay the judgment debts as
part of the consideration for the land.   The learned
judge who  heard  and  determined  the  case  filed  an
opinion upon the facts and the law.  We have carefully
examined all the evidence, and considered the questions
of  law involved, and  we  concur with  the  court below,
both as to fact and law, and adopt its opinion.   It is
as follows:

   "The plaintiff brings this action in  equity for the
cancellation of certain promissory notes made by the
defendant to plaintiff, September 23, 1890, amounting
to one thousand,  twenty-four dollars and twelve cents,
secured by mortgages on real and personal property
belonging to defendant.   For ground of action, plaintiff
alleges the notes were without consideration, and pro-
cured by defendant's fraud.   It is clearly shown by the
evidence, and not disputed in the case, that one J.  I.
Walker was largely indebted or insolvent; that he had a
large amount of  real and personal property heavily
incumbered with mortgages and judgments; that his
creditors were the Bank of Weldon and H.  J.  Close,
who held notes signed by Walker, and on which plain-
tiff was security; that these notes were reduced to
judgment as to J. I. Walker, and became a lien upon

his realty; that there were prior liens, mortgages, and judgments, estimated variously at from seven thousand to nine thousand dollars, against said land; that defendant had a claim against said Walker for an unpaid balance on sale of a threshing machine. Such being the situation, defendant procured from said Walker a transfer of his property; the consideration being, as plaintiff alleges, the assumption of all mortgages and judgment liens, and, as defendant claims, the cancellation of part of Walker's debt to Rea. Defendant then purchased the Bank of Weldon and H. J. Close claims, taking an assignment of the notes and judgments. He then went to plaintiff, and secured the notes and mortgages which are the subject of this action, in settlement of the Bank of Weldon and H. J. Close claims, on which plaintiff was security. The plaintiff claims that defendant Rea agreed to pay Walker's debts, and that was the consideration of the transfer. I do not think the evidence sustains that contention. The weight of the testimony is certainly against the plaintiff on that issue. The plaintiff also claims that Rea and Walker entered into a conspiracy to defraud the creditors of Walker, by which part should be paid, and others not paid. I do not find evidence to sustain that issue. There is not sufficient evidence to justify the court in holding the transfer an assignment with preferences, and the prayer for an accounting is denied. Plaintiff claims that the defendant procured the notes and mortgages in issue by false and untrue statements of facts, and deliberate and intentional fraud. I do not think the evidence sustains that claim."

"The main contention of plaintiff, and that on which he must rely for relief, is the want of consideration for the notes and mortgages, for the reason that the assignment of judgments to defendant amounted to payment, and a release, as to plaintiff, from all obli-

gations thereunder. In order to determine that question, it will be of advantage to ascertain as nearly as possible just what the facts are as to the important and determinative events: *First*, the transfer of land and property from Walker to Rea: The defendant alleges in his answer that, for the purpose of securing defendant, said Walker mortgaged his personal property, and deeded his land, subject to the mortgages and liens thereon, in payment of what he owed defendant. To that extent, at least, we may say there is no dispute. *Second*, the assignments of the judgment to defendant: As to these the defendant says, in evidence: 'I paid cash for the Bank of Weldon claims, and took assignments to me. I paid that (the Close) judgment in full, and took an assignment. I did not know what my legal rights would be under the assignments.' *Third*, the securing notes and mortgages in suit from plaintiff: Defendant, in his answer, says he told plaintiff, if he would secure defendant, he would extend the time of payment, and take steps to prevent foreclosure against the land of said Walker. Rea says, in evidence, he told Price he had bought some notes and judgments against him, and that the land would not pay out. As to all these facts there can be no question, and under these circumstances the plaintiff executed and delivered to defendant the notes and mortgages in question, and the parties entered into a written agreement, known in evidence as 'Ex. 18,' by which the defendant agrees, in consideration of the execution and delivery of the notes and mortgages in question, if he sells the land he received from Walker for more than twelve thousand, one hundred and fifty dollars net, he will allow any surplus to apply on payment of the notes and mortgages so taken. It is the opinion of the court that under these circumstances the notes and mortgages were without consideration, and that the plaintiff is entitled to the relief he asks. The defendant expressly admits in his

answer that he took the land subject to liens against it, and in payment of his debt. If that be true, then the assumption of the liens was a part of the consideration of the purchase. The defendant, of course, could not claim the cancellation of two of his notes as all the consideration paid for the transfer of five hundred and thirty acres of land. The assumption of the liens must have constituted the balance. It is not necessary, in order to constitute an assumption, so far as the land is concerned, that there should be a direct agreement to assume. That only adds a personal liability to the extent of the lien. The law creates an assumption of the debt whenever such debt is a lien, and the debt and lien constitute part of the consideration of the purchase. The amount defendant paid is presumed to be the price or value of the land, less the incumbrances. When he paid off the Bank of Weldon and Close judgments, which were pre-existing incumbrances, of which he had notice when he purchased the land, it would be inequitable to allow him to keep them all as to a surety, and to enforce them against him by having them assigned to himself. If defendant shall be allowed to keep the land and enforce his notes against plaintiff, he will secure payment twice for his debt,— once by the conveyance of the land, and again by his foreclosure against plaintiff. This would be unjust, for when he accepted the sale of the land from Walker, who was principal, and primarily liable, he received from him the fund out of which the incumbrances were to be paid, and when he paid them he did nothing more than discharge his own equitable obligation. Could it be claimed after the transfer, that defendant, by his assignment, acquired any right of action on said judgments against Walker? And, if not against Walker, how can it be enforced against his sureties? The authorities clearly hold that in case of a transfer made subject to incumbrances the land becomes, in the hands

of a grantee, the primary fund out of which the incumbrances are to be paid. *Morrison v. Morrison*, 38 Iowa, 73; *Byington v. Fountain*, 61 Iowa, 512, 14 N. W. Rep. 220, and 16 N. W. Rep. 534; *Bunch v. Grave*, 12 N. E. Rep. (Ind. Sup.) 514. It is a familiar rule that when one acquires two estates in land the lesser is merged into the greater, and extinguished. Defendant acquired a fee-simple estate by his deed, and the after acquisition of a mortgage and judgment liens by him instantly extinguished them, by the merger of the lesser into the greater estate. When the defendant took the land he took it charged with the payment of the existing incumbrances, and when he paid them he presumably paid just what in legal effect he agreed to pay. It was no more than the completion of what was implied by his contract of purchase."

"It may be suggested that at the time Rea purchased he did not intend to keep the land. That will not avail, for one can not accept a benefit, and at the same time disclaim the responsibility. One can not accept a deed, and say he did not want title, and the payment of the liens was an indication that he did want to keep the land. The plaintiff was, and could be made, only a surety on the debt. By the purchase from Walker the defendant became, in effect, the principal, to the extent of the funds in his hands for the payment of his debt, received from Walker. This, it is clearly proven, was amply sufficient to pay all the debts. By the contract defendant himself drew, it is placed at twelve thousand, one hundred and fifty dollars, which was an acknowledgment on his part at that time that he had enough to pay all, and a handsome surplus besides. One who purchases an equity of redemption by a deed without covenants takes the estate charged with the payment of the mortgage debt. It is presumed that in the absence of a special contract, or of any unusual circum-

stances, the amount of the debt was the price of the property purchased, less the amount of the mortgage, and it would be for the purchaser, and not for the seller, to discharge the incumbrances. Jones, Mortg., section 736. In the case at bar there was a deed without, covenants. There no special contract, and no unusual circumstances existed, and the court knows of no reason that would not make the rule as applicable to judgments as to mortgage liens."

"But it is contended by defendant that whatever the rights of the parties were before the contract was executed, it fixed their rights. It surely would not be true that unless an obligation already existed the contract would create one. The defendant's position can only be sound upon the theory that the debts which had been assigned to Rea were still unpaid, and enforceable against Walker in Rea's hands. We have seen this can not be true, and, if not against Walker, then not against plaintiff, who is his surety. It is suggested that the contract destroyed plaintiff's rights of subrogation. · But, if plaintiff paid the debt, would he not be entitled to the enforcement of it against his principals? Would equity deprive him of that? It appears clear to the court that the only reason that plaintiff has lost his right of subrogation is because the debt has been extinguished with the extinguishment of his lien. Such being the case, there was no consideration for the notes and mortgages in the suit, and it would be inequitable and unjust to allow the defendant to enforce them. I have no doubt the defendant thought he had a right to enforce the judgments against plaintiff. I do not find him guilty of an intentional fraud. He admits he did not know the legal effect of the assignment to him. He admits he told plaintiff execution would be issued on the judgments he owned, and levied on the land he had received from Walker, and that the land would probably not sell for enough to pay them. He may

have thought that true, but of course his counsel would not claim that he could sell his own land on his own judgment. Giving time under such circumstances could not constitute any consideration. Defendant says in evidence: 'I am not making any claim on mortgages I have purchased or notes I hold against Walker. They are substantially paid.' This is certainly true, and they were paid by the transfer of the land to him, as they were a part of the consideration. Are not these debts in which plaintiff was only the surety in precisely the same situation? Can part be paid, and not all? Could defendant be allowed to select what he should consider paid, and what not paid? Can the debt be paid as to Walker, and not as to his surety? There was then certainly a misapprehension on the part of the parties as to their legal rights at the time, and I do not believe defendant would have endeavored to persuade plaintiff to enter into the contract and execute the notes and mortgages if he had known of the plaintiff's rights, or if he had thought of the equity of his claim; and certainly the plaintiff would not have bound himself to pay a debt if he had known that in legal effect it was already paid. When one, under a mistake of law, acknowledged himself under an obligation which the law will not impose, he shall not be bound thereby. *Warder v. Tucker*, 7 Mass. 449. If, by reason of the mistake, there is no consideration for the contract, it, like any other similar agreement without consideration, is void. Such, for instance, is one's guaranty of another's debt, founded on the debtor's forbearance to levy an attachment for which in fact there is no valid ground. Bish. Cont., section 696.''

"I have given careful consideration to the case at bar, and more than usual thought and research, and I am fully satisfied that the equities are with the plaintiff. It is, therefore, ordered that the plaintiff have judg-

ment and decree as prayed, canceling the notes and mortgages described in plaintiff's petition, with costs. Decree to be entered accordingly,—the finding herein to constitute a part of decree."

We do not think it is necessary to further discuss the case. The decree of the district court is AFFIRMED.