EDWIN HULT et al., Appellants, v. EDWARD TEMPLE et al., Appellees.

**MORTGAGES:** Assignment—When Assignment Constitutes Payment. One who secures title to land under foreclosure of a *second* mortgage may not then take an assignment of the *first* mortgage and enforce it against the maker thereof who has become a surety thereon.   Such purchase constitutes a payment of the mortgage debt as to the maker-surety.

Headnote 1:   27 Cyc. p. 1329.

*Appeal from Polk District Court.*—LESTER L. THOMPSON, Judge.

MARCH 16, 1926.

THIS purports to be a suit in foreclosure of a real estate mortgage.   The substance of the defense was that the mortgage

had been, in legal effect, paid and extinguished. There was a decree dismissing the petition, and the plaintiff appeals.— *Affirmed.*

*Lappen & Carlson, Faa O. Ross,* and *Wade Clarke,* for appellants.

*Fred F. Keithley,* for appellees.

EVANS, J.—Though the suit, in form, is one of foreclosure, its real objective is quite beside the foreclosure mark. The plaintiff in interest is the Bond & Mortgage Company, and for the purpose of our discussion we shall treat it as the sole plaintiff. The real question presented is whether the plaintiff is entitled to recover, by foreclosure decree and sale, or otherwise, a certain alleged easement in other lands, as being appurtenant to land already acquired and owned by the plaintiff. The plaintiff is the owner of a certain tract of land described as the west 60 acres of the north half of the southeast quarter of a certain Section 25, in Polk County, the same being located near the northwestern corporate limits of the city of Des Moines, and in the near vicinity of Camp Dodge. Adjoining this land on the west is a 24-acre tract described as Lot No. 23. This latter tract abuts upon the east line of Beaver Road. In this locality, Beaver Road runs northerly from Des Moines, and somewhat diagonally, bearing to the northwest. The following rough sketch will be an aid to an understanding of the *locus quo*:

The defendants Temple, were formerly the owners both of the 60-acre tract, and of Lot No. 23. They also owned and occupied as a home, land abutting on the westerly side of Beaver Road. In March, 1918, they executed a mortgage for $1,000, covering the 60-acre tract, to the Iowa Loan & Trust Company. This is the mortgage which the plaintiff now seeks to foreclose. The description of the land in the mortgage contained the following clause:

"Including an easement as right of way sixteen (16) feet in width along the south side of that part of the northeast (NE) of the southwest quarter (SW)," etc.

In June, 1920, Temple sold the 60-acre tract to Herrold, and took two purchase-money mortgages for $3,000 and $1,500, respectively, thereon. These mortgages were negotiated to the plaintiff, which acquired its title to the property under foreclosure of such mortgages. These mortgages contained no reference to any right-of-way easement. The property was acquired by the plaintiff, subject to the first mortgage thereon of $1,000

to the Iowa Loan & Trust Company. After acquiring title, the plaintiff purchased this mortgage from the Iowa Loan & Trust Company. Temple's grantee, Herrold, "assumed" the payment of the $1,000 mortgage. The plaintiff did not assume payment thereof, but did take its title subject thereto. The plaintiff brought this action to foreclose the first mortgage and to obtain a personal judgment against the Temples upon the promissory note. It asks no foreclosure thereof as against the 60-acre tract. It prays foreclosure and special execution against the alleged easement alone. The conceded purpose of the proceeding is to acquire a right-of-way easement over the line "A" to "B," indicated in the plat, and to render said easement appurtenant to the 60-acre tract.

In April, 1921, Temple sold Lot No. 23 to Franks, who is now the owner of said tract. Franks is not made a party to this proceeding. Temple filed a disclaimer of all interest in the real estate over which the easement is claimed. He defends the action, as against himself, on the ground that the acquisition of the mortgage by the plaintiff, under the facts appearing, operated as an extinguishment thereof, as a matter of law, and upon the further ground that the 60-acre tract in the hands of Herrold, and in the hands of plaintiff, as Herrold's grantee, became the primary fund for the extinguishment of the first mortgage, and that the liability of Temple became secondary, and in the nature of a suretyship, and that he is entitled to have the mortgaged land applied to the payment of the debt, as a condition precedent to his liability; or that, in any event, he is entitled to be subrogated to the lien of the mortgage, in the event that he is required to pay the same.

The evidence shows that the only egress out of said 60-acre tract to the public highway was over a right-of-way easement extending to the south from its southwest corner, at Point A, to the point C, upon the highway. This right of way is 32 feet wide, and is laid upon the west line of the Litchfield tract. There never was any actual egress from said tract to the west along the south line of Lot 23. No right of way was ever opened or used along such line. Moreover, the purported right of way described in the mortgage is and was actually occupied by buildings. Moreover, it appears without dispute that the topography

of the ground is such as to render travel thereon impracticable, except through expensive grading.

The foregoing constitute the salient facts from which plaintiff's rights must be ascertained. Much is said in the briefs on the subject of merger of title and mortgage lien. The question is not of controlling importance, except so far as it is incidentally involved in the remedy, if any, to which plaintiff is entitled. If the mortgage in suit created an easement, in legal effect, then it was appurtenant to the real estate described in such mortgage. The plaintiff has acquired such real estate. The acquisition of the real estate carried with it every easement appurtenant thereto. See authorities collated in 19 Corpus Juris 935. In that event, it had no need of a foreclosure. The only person interested in litigating that question with it is Franks. Plaintiff has not made Franks a party to its action. Temple disclaims interest in that issue. Plaintiff urges that Franks bought with notice of its mortgage, and is, therefore, bound by it. But the validity of such a claim can only be determined in an action wherein Franks is a party. Whether the mortgage did, in and of itself, create an easement is a question which plaintiff seems to have taken for granted. That the mortgage provision created an obligation is to be conceded. But it does not follow that it created, in and of itself, a present easement. The mortgage was a mere lien and security for the collection of a debt. If it should become necessary to resort to the security, all its provisions could doubtless be enforced to that end. But until enforced, the mortgagee had no right of possession or entry. He had no right of enjoyment of right of way or of other easement. If the plaintiff, as present holder of the mortgage, is entitled now to convert the mortgage obligation into a present easement over this claimed right of way, it is because such relief is essential to its protection in the collection of its debt. Even so, Franks would be a necessary party to any adjudication purporting to establish such easement. From any point of view, therefore, the question resolves itself into one of remedy. To what remedy is the plaintiff entitled in the collection of its debt, and what, if any, are the limitations upon its remedy? The plaintiff prays personal judgment against the Temples on its note, and prays special execution only against the alleged easement.

It thereby seeks to withhold from the operation of the mortgage the 60-acre tract which it has already acquired under the second mortgages. If it may thus eliminate the substantial part of its security, and hold the defendants personally liable for a deficiency judgment, the defendants would thereby be deprived of the benefit of the fund which was primarily liable for the payment of the debt. One of two things must be true: Either the defendant, as surety, would be entitled to have all the mortgaged property first exhausted; or he would be entitled to pay the debt and to be subrogated to the mortgage lien upon all the mortgaged property. If the surety paid the debt, the plaintiff could have no further interest in the easement. The confusion of plaintiff's attitude is that its real interest in the easement does not arise at all out of its ownership of the mortgage sued on. It arose before it ever acquired such mortgage, and arose out of its accomplished ownership of the 60-acre tract. As such previous owner, it had no right to the easement, unless it was actually appurtenant to the 60-acre tract when it acquired it. If it was such, the plaintiff had no need to acquire the $1,000 mortgage; if it was not such, the acquisition of such mortgage serves no function in that direction.

The law is well settled in this state that, where one acquires title to real estate under a junior mortgage, he takes it charged with primary liability for the payment of the prior mortgage. The purchase of such prior mortgage will not avail him as a way of escape from such primary liability of his land. In the absence of some other equitable consideration, it has been usually held that a purchase by him of the prior mortgage amounts to a payment and extinguishment thereof. *Moore v. Olive,* 114 Iowa 650; *McDonald v. Magirl,* 97 Iowa 677; *Price v. Rea,* 92 Iowa 12; *Crowley v. Harader,* 69 Iowa 83; *Byington v. Fountain,* 61 Iowa 512; *Fuller & Co. v. Hunt,* 48 Iowa 163; *Green v. Turner,* 38 Iowa 112.

The following excerpts from *Moore v. Olive,* 114 Iowa 650, will be a sufficient indication of our previous holding on this question:

"Where land is purchased subject to a mortgage, the purchaser is not personally liable for the mortgage debt, but it remains as an incumbrance on the estate. Jones, Mortgages, Sec-

tion 738. After having paid these debts, a court of equity will not aid him in recovering back the money paid. * * * A purchaser under foreclosure of a second mortgage secures nothing but the interest of the mortgagor, and he cannot, by taking an assignment of the first mortgage, set it up as a source of title, or enforce it against the original mortgagor. To suffer the purchaser to retain possession and title of the premises under a foreclosure and a sale of the second mortgage subject to the first, and then acquire title to the first mortgage, which he covenanted to respect, would be to sanction a palpable fraud. While not personally bound to pay the first mortgage, he acquires property with which to pay it, and in satisfying the debt he is doing no more than his duty.''

The same rule is laid down in 25 Ruling Case Law 1373, as follows:

''* * * payment of a mortgage by a mortgagor after he has sold his equity of redemption, subject to the mortgage, does not, in the absence of such intention, extinguish the mortgage, as between him and the grantee; as the mortgagor in such case has assumed the position of a surety, and as such is entitled to be subrogated to the rights of the mortgagee. And if the mortgaged property be sold at a judicial sale, subject to the mortgage, there can be no possible reason why the same principle should not be applied. The purchase price is lessened by the amount of the mortgage, and the purchaser will not be permitted in a court of equity thus to take advantage of the mortgagor.''

In obedience to the above rule, it must be held that the plaintiff's purchase of the first mortgage amounted to a payment thereof, so far as the surety was concerned, and thereby a discharge of its own property from its lien, and that it is not, therefore, entitled to pursue personal judgment against the defendants Temple. This is the full extent of the interest of Temple in the litigation.

The decree entered below is, accordingly, affirmed.—*Affirmed.*

DE GRAFF, C. J., and ALBERT and MORLING, JJ., concur.