## WICKERSHAM v. REEVES & MILLER.

| Iowa. | |
|---|---|
| 1 | 413 |
| 80 | 736 |
| 1 | 413 |
| 86 | 458 |
| 1 | 413 |
| 131 | 163 |

Where a mortgage was executed on certain real estate, and the mortgagor subsequently conveyed his equity of redemption in the premises, to the assignee of the mortgage; *Held*, That the mortgage was not merged into the legal title, and did not become extinct at the time of making the latter conveyance, upon the ground that it appeared from the evidence, that such was not the intent of the parties to the sale of the legal title.

The word "voluntary," in the acknowledgment of a deed, under our statute, is of the essence of the acknowledgment.

There is a clear legal distinction between a man's deed, and his voluntary deed.

Where the certificate of acknowledgment to a deed of trust, showed that it was acknowledged to be the act and deed of the grantor, omitting the word "voluntary," *Held*, That the record of the deed of trust was of no validity as against parties, without actual notice.

Although the language of the statute regulating acknowledgments, need not be literally followed, yet words should be used of the same force and import.

Where in a suit in chancery to quiet title, the complainant, to prove that the defendant purchased the premises at sheriff's sale, with notice of his rights, offered in evidence a notice to the sheriff of his rights under a deed, and an indorsement thereon, made by the officer, who conducted the sale, that he had read the notice at the time of the sale, which evidence was objected to

by respondents, and rejected by the court; *Held,* That the reading of the notice, and making the return thereon, were no part of the officer's official duty, and that a return of these facts was incompetent to prove their existence.

And where in the same case, the complainant, to prove actual notice to the respondents, offered to prove by the officer making the sale, under whom respondents claimed, that the notice had been read at the time of sale, and that one of the respondents had seen it, which evidence was objected to by respondents, on the ground that the fact could only be proved by depositions regularly taken, and that it was contrary to the rules of the court in chancery cases, which objection was sustained by the court, and the testimony rejected, but the court offered to continue the cause, to enable the complainant to make said proof by deposition, which was declined; *Held,* 1. That the parol proof offered was properly excluded under the rule of court; 2. And that the court went to the extent of its duty, in offering to continue the cause, to enable complainant to make the proof.

And where in the same case, the complainant proved that the execution and notice attached, were received by him from the office of the clerk of the District Court of the county of Lee at Keokuk; and then offered the notice and indorsement in evidence, to which the respondents objected, on the ground that the evidence was incompetent, but which objection was overruled; *Held,* That proof that this notice was received from the clerk's office, attached to the execution, did not make the notice competent to prove the reading of the same at the sale; and that the evidence was improperly admitted.

In a suit in chancery to quiet title, the complainant, at the time of the commencement of the suit, had acquired the legal title to the premises, and held also the right to redeem from a sheriff's sale, the time of redemption not having expired at the institution of the suit, and the suit being brought to adjust the equities between the parties as they stood at the time of the commencement of the suit, the court felt itself justified in giving to the complainant the right to redeem from the sheriff's sale, on paying the amount for which the premises were sold, with the interest allowed by law in such cases, up to the date of the decree, and all costs.

And where, in a cause in chancery, the complainant asked the Supreme Court, if the evidence was not deemed sufficient to sustain the decree below, to remand the cause, to enable him to make farther proof, the application was refused.

*Appeal from the Lee District Court.*

THIS was a bill in chancery to quiet the title to lot one in block twenty-four in Keokuk, filed by Wickersham, September, 15, 1853, against Reeves & Miller. The substantial allegations of the bill, are as follows: On and before the 28th of November, 1851, one John Lockman was the owner in

fee of one undivided eighth part, and one-sixth of seven-eighths of said lot, and in possession of the same.   The said eighth was at that time incumbered by a mortgage, executed by Lockman to one Sandford P. Martin, on the 22d of August, 1851, to secure the sum of $73.33, due in six and twelve months, being of the purchase money.   This mortgage was duly acknowledged and of record, on the said 28th of November.   On the 28th of February, 1852, the said mortgage was assigned to complainant, which assignment was duly recorded on the 13th of March following, and still remains unsatisfied.   On the said 28th of November, 1851, Lockman being indebted to complainant in the sum of $800, with interest at five per cent. per month, executed to complainant a deed of trust of said premises, with power of sale, to secure the payment of the same on the first day of January, 1853, which deed was duly acknowledged, and recorded on the 3d of December, 1851.   The wife of said Lockman not being a party to said deed of trust, the complainant, to secure his right in the premises, and for the purpose of acquiring possession of the same, and also to relieve said lot from a claim set up by Lockman and wife, that the said property was protected on the ground of its being a homestead, received a deed from said Lockman and wife, for said property, which was recorded on the 15th of May, 1853.   The complainant avers that he received said deed for the purpose aforesaid; that said mortgage and deed of trust remain unsatisfied of record; that it was his express intention and understanding, that said mortgage and deed of trust, were to remain in full force and virtue against the said property, as a part of the right and title of complainant therein; and that the larger part of the money, the consideration for the deed of trust, was expended in improvements on said premises.   On the 27th of February, 1852, one Marsden recovered in the District Court of Lee county, a judgment against said Lockman, for the sum of $77.80; execution was issued thereon, on the 31st of August, 1852; and the property sold by virtue of the same, on the 30th of September, following—Reeves & Miller becoming the purchasers, for the sum of $91.26, and

entitled to a deed for the same, on the 30th of September, 1853. The complainant also avers, that at the time of said sale, and before the land was bid off to the respondents, and of which they had notice, complainant gave to the sheriff a written notice, notifying all persons of complainant's claim, which was read at the time of said sale; that complainant has become the legal owner of the residue of said lot, which was not in said Lockman; and charges that neither the judgment or execution constituted any lien on the property.

The answer admits the title of Lockman, the execution and sale, and claims that a deed has been executed, and makes exhibit of the same. It denies the existence of the mortgage, its assignment, the deed of trust, and the indebtedness on which the same is alleged to have been executed; that the mortgage and deed of trust were to remain in force; and all notice of complainant's claims. The answer further avers, that at the time the mortgage for eight hundred dollars, is alleged to have been given, said property was the homestead of Lockman and wife; and that said wife not having joined in it, the same was void, and no lien on the property; that the indebtedness, which was the foundation of Marsden's judgment, accrued long before the first day of July, 1851, and before any house was built on the lot; that when Lockman and wife sold the property to complainant, in May, 1852, it was in full satisfaction and discharge of all previous indebtedness of Lockman to complainant; that the consideration mentioned in the deed, included the mortgage and deed of trust, and their interest, and they are both thereby paid off, and satisfied, and are no longer liens on said property; that complainant knew of the sale by the sheriff; that on receiving a deed, in May, 1852, he entered into possession of the premises; that he has since received the rents and profits of the same; and that the rents and profits amount to four hundred dollars per annum.

The replication admits the possession of the premises, and denies all the other material allegations of the answer. A decree was rendered in favor of the complainant, from

which the respondents appeal.   The evidence, and other facts, material to an understanding of the case, are sufficiently stated in the opinion of the court.

*Samuel F. Miller*, for the appellants.

*Claggett & Dixon*, for the appellee.

ISBELL, J.—So far as the mortgage executed to Martin, is concerned, in this adjudication, there is no question made, but that it continued to be a valid subsisting lien on the premises, up to the time of the purchase of the legal title by petitioner ; but it is claimed, that at that time, it merged into the legal title, and became extinct.   We think, that this view is not sustainable.   The evidence clearly shows, that this was not the intent of the parties to the sale of the legal title to the petitioner, nor was it for the interest of petitioner. We, therefore, conclude, that this mortgage still continues to exist as a lien on the premises.(1)

A question is made as to the sufficiency of the acknowledgment of the deed of trust.   The certificate shows, that it was acknowledged to be the act and deed of the party, but does not show that it was his *voluntary* act and deed.   The rule adopted, in giving construction to certificates of acknowledgment, by this court, is, that although the language of the statute need not be literally followed, yet words should be used of the same force and import.   Says Kinney, J., in delivering the opinion in *Tiffiney* v. *Glover*, December term, 1852 : " We have never held, in giving construction to acknowledgments, that the literal language of the statute should be adopted by the officer, but that it is sufficient, if he employ words of the same import and force."

The word voluntary, under our statute, is made an important word, and is in fact of the essence of the acknowledg-

(1) In the absence of stipulations to the contrary, the mortgagor of real estate retains the legal title, and the right of possession thereof.   Code § 1210.

ment. Have there been words used in the acknowledgment before us, of like import? There have not. There is a clear legal distinction, which has ever existed, between a man's deed, and his voluntary deed.     Thus, it is laid down in 2 Bacon's Abrg. 775 : ".If a man execute a deed by duress, he cannot plead *non est factum ;* for it is his deed, though he may avoid it by special pleading." We conclude, therefore, that the record of this deed of trust, was of no validity as against these defendants, without actual notice.     Code, § 1211.

But it is claimed, that actual notice to the defendants of the existence of this deed of trust, was proved.   It appears, that petitioners offered in evidence, a notice of their rights under it ; and an indorsement thereon made by the officer that conducted the execution sale, to the effect, that he had read it at the time of the sale.     This evidence was objected to by defendants, on the ground that there was no evidence that it had been read at the sale, and the objection was sustained.     Petitioner then offered to prove, by the officer, that he read the notice at the sale, and that one of the defendants had seen it.   This was objected to, on the ground, that this being a chancery suit, it could only be proved by depositions regularly taken, and on the ground, that it was contrary to rule third of the court, which is: "All chancery cases, other than divorce, and the foreclosure of mortgages, will be tried upon written testimony, in the form of depositions, except the proof necessary to let in record or documentary evidence."   And the court sustained the objection, but offered to continue the cause, to enable the petitioner to make said proof by depositions, but the petitioner declined a continuance, and excepted to the ruling.     He afterwards proved, that the execution and notice attached, were received by him from the office of the clerk of the District Court of the county of Lee, at Keokuk, and then offered the notice and indorsement in evidence, to which defendants objected, on the ground of its being incompetent; but the court overruled the objection, and permitted them to read, to which defendants excepted.   These several exceptions are

now brought to the notice of the court, and here insisted upon.

The reading of this notice, and the making the return thereon of having read the same at the sale, was no part of the officer's official duty.    Hence a return of such facts, simply, would be incompetent to prove their existence. The exclusion of the proof by parol, offered, we think, was also proper under the rule.    The court went to the extent of its duty, in offering to continue the cause, to allow petitioner to make the proof.    3 Greenleaf's Ev. §§ 309 to 311.

Did the proof that this notice was received from the clerk's office, attached to the execution, make it competent to prove the reading at the sale ?    We can see no good reason for holding that it did.    The fact that the paper was read at the sale, is not as satisfactorily proved by the fact of such notice coming from the clerk's office, attached to the execution, as it would be by the oath of the person who read it, or of any person present at the sale, who heard it read.    There is no means of knowing at what time, or by whom, it was attached to the execution, and to permit such evidence to prove an important fact, when better evidence was confessedly at hand, would be too serious an infraction on the rule, that the best evidence shall be produced of which the case, in its nature, is susceptible.    We conclude, then, that the court erred in allowing the notice, and return thereon, to be read in evidence.    And excluding this, there is no evidence that defendants had actual notice of the existence of the deed of trust, even at the sale.    This being the case, it is unnecessary to consider the question made as to the effect of notice, after the rendition of the judgment. There not being sufficient proof of notice of the deed of trust, it follows that at the time of the rendition of the judgment under which defendants hold, the mortgage originally to Martin, constituted the only lien held by petitioner ; and as this mortgage lien still subsists, the defendants became purchasers of the interest of Lockman in the lot, subject to said mortgage only.

But petitioner, after the rendition of the judgment, hav-

ing become possessed of the legal title, and at the time of the institution of this suit, the time allowed for redemption from the execution sale to defendants, not having expired, the petitioner had a clear right to redeem from said sale; and had he offered to do so, and defendants had refused the redemption money, we should have no difficulty in coming to a conclusion in this case. But there being no such offer shown, we are in great doubt as to what should be the proper decree in the premises. But, inasmuch as this bill is brought to adjust the equities between the parties, as they stood at the time of the institution of the suit, we conclude we are justified in still giving to the petitioner the right to redeem, on paying the interest allowed by law on bids at execution sales to this date, and all costs of the proceeding.

It is insisted by petitioner here, that if the evidence will not sustain the decree below, that it is the duty of this court to remand the cause. The petitioner was only bound to furnish sufficient evidence to obtain a decree; and if this should now be found insufficient, then justice requires that the petitioner should have an opportunity to make further proof. But if this were allowed in this case, we see no reason why the same reasoning should not be applied to every other. And in this case in particular, where an offer was made to postpone the cause, to enable the petitioner to furnish the desired proof, which was declined, an application of this kind cannot be entertained.

The decree of the District Court will be reversed, and a decree entered in this court in accordance with this opinion.