[No. 513.    August 24, 1892.]

## TERRITORY OF NEW MEXICO, APPELLANT, v. PEDRO CARRERA, APPELLEE.

CRIMINAL LAW—ASSAULT WITH INTENT TO KILL—SUFFICIENCY OF INDICT-
MENT.—In a prosecution, on indictment, for assault with intent to
commit murder, the indictment must state the manner and means of
the assault so far, at least, as to show that the crime would have
been murder had not the acts involved in the facts pleaded stopped
short of their full effect.

APPEAL, from a judgment for defendant sustaining
a motion to quash an indictment for assault with intent
to kill, from the Third Judicial District Court, Dona
Ana County.   Affirmed.

The case is stated in the opinion of the court.

S. B. NEWCOMB and EDWARD L. BARTLETT, solic-
itor general, for appellant.

SEEDS, J.—This was a criminal prosecution,
wherein the defendant was indicted for an assault with
intent to commit murder.   He moved to quash the
indictment upon the grounds that it was indefinite and
uncertain, and because it did not set forth whether the
alleged assault was committed by means of poison, or
by the use of a deadly weapon, or some hard instru-
ment; nor did it set forth the manner in which said
assault was committed.   The court quashed the indict-
ment, and from that decision the territory appeals.

The material portion of the indictment is as
follows:   "That Pedro Carrera,   *   *   *   with
force and arms,   *   *   *   with malice afore-
thought, and unlawfully, feloniously, deliberately, will-
fully, and premeditatedly, did make an assault with

intent then and there and thereby him, the said
*   *   *,  to kill and murder, against the form of the
statute," etc.    It may be premised that it is not now
necessary to charge the commission of a
crime with that fullness and particularity
of verbiage which was essential under the
strict rules of the old common law.    At the same time
the rebound from the often technical absurdities of that
magnificent system is not so pronounced as to be
equally absurd in the laxity by which the facts may be
set out.    The essential averments of facts, as distinct
from legal conclusions, must be set out with such
exactness as to fully apprise the defendant of what
crime he is charged.    In an indictment for an assault
with intent to commit murder such allegations of facts
should be made as would show, at least generally, that
the crime would have been murder if the acts involved
in the pleaded facts had not stopped short of their full
effect.    1 Whar. Crim. Law, sec. 641.    At common
law the indictment is sufficient if the use of a deadly
weapon be averred, and the intent be specifically stated.
1 Whar. Crim. Law, sec. 644.    This clearly implies
that the means or instrument of committing the assault
should be stated.    We are aware that some states hold
that it is not necessary to state the instrument or means
employed in an indictment for an assault with intent
to commit murder.    Martin v. State, 40 Tex. 19;
Bittick v. State, Id. 117;    State v. Seamons, 1 Iowa,
418;    Harrison v. State, 2 Cold. 232.    But in those
states they seem to have parted company entirely from
the common law.    We have not done so here, as by
statute, section 1823, it is made the rule of decision
and practice, where not specifically changed.    We
think the judgment of the lower court was correct, and
it will be affirmed.

*(Margin note: ASSAULT with intent to kill: sufficiency of indictment.)*

FREEMAN, O'BRIEN, and LEE, JJ., concur.