HAROLD F. McCORMICK, Appellant, v. W. N. MERRITT, ET AL.

**Land contracts:** CONSTRUCTION. The parties to a contract for the sale of real estate, containing a provision that portions of the same shall be dedicated for street purposes, are bound by their own construction of the provision that the dedication contemplated an acceptance by the city, even though the writing may not explicitly so provide..

**Waiver of condition of sale.** The acceptance of a deed and settlement therefor, prior to the dedication of portions of the land for street purposes as provided in the contract of sale, was not a waiver of the provision, where the grantee was informed by the grantor that the dedication was a mere matter of form and that it would be procured.

**Merger.** Where it appears that it was not the intent of the parties that a certain provision in a contract of sale of land should merge in the deed, a merger will not be so decreed.

**Conditional conveyance:** PAROL PROOF OF. Where the delivery of a deed by the vendor of land and notes and mortgage by the purchaser were contemporaneous, the conditions on which the deed was accepted and notes and mortgage executed may be shown by parol.

**Purchase money mortgage:** FORECLOSURE: BREACH OF CONTRACT: DAMAGES. Where a vendor of land agreed to procure an acceptance of the dedication of a portion for street purposes, and the purchaser was put in possession under a deed with the understanding that the acceptance of the dedication was a formal matter which the grantor agreed to procure, but the city thereafter refused to accept the same until the street was brought to grade which the grantee did not want done; it is held that grantor was entitled to the foreclosure of a mortgage given for the purchase price with such deductions as the grantee may have suffered by reason of failure to procure the acceptance.

*Appeal from Cedar Rapids Superior Court.*— HON. J. H. ROTHROCK, Judge.

Friday, December 10, 1905.

Rehearing denied Friday, June 29, 1906.

Suit in equity to foreclose a mortgage given to secure a part of the purchase price of land. The land is within the corporate limits of the city of Cedar Rapids, and the written agreement of sale provided as follows: "The conditions of the offer are that Twentieth street, 80 feet in width, shall be dedicated through from C avenue extended to E avenue extended, or that the said part of said street be included in the sale with the understanding that the same be dedicated for street purposes at such time as the owner of the property along the northeast side of said street shall desire; also that E avenue shall be dedicated through from Eighteenth street to Twentieth street." The agreement was entered into early in March, 1902, and the deed of the land and the notes and mortgage in suit were executed soon thereafter. Deeds dedicating the street and avenue mentioned in the contract were also executed by the plaintiff and tendered to the city, but the city refused to accept the dedication until the street and avenue were brought to grade and put in proper condition. The defendant refused to pay, because of the city's refusal to accept the dedication and plead failure of consideration, and in a cross-petition asked that the plaintiff be required to procure an acceptance of the dedication of the streets. There was a judgment to the effect that the plaintiff was not entitled to recover without first obtaining the acceptance of the streets by the city, and further decreeing that the plaintiff specifically perform his contract by obtaining the acceptance of the streets. The plaintiff appeals.— *Reversed.*

*Main & Griffith,* for appellant.

*Chas. A. Clark & Son,* for appellees.

Sherwin, C. J.— The appellant contends that the agreement to dedicate the streets did not include an agreement to procure an acceptance of the dedication or of the

1. LAND CON-
TRACT: con-
struction.

streets, and that he performed his entire agreement when he tendered the deeds to the city. It is doubtful whether the contract alone, and without other evidence showing the intent of the parties, will bear the construction contended for by the appellee. The provision that Twentieth street shall be dedicated, " that the said part of said street be included in the sale " to the defendant for future dedication, indicates that an acceptance by the city was not contemplated by the parties when the contract was entered into. A dedication for highway or street purposes may become effective as against the dedicator without formal acceptance of the street or highway, and in some instances even without any acceptance thereof. It is true there can be no completed dedication without an acceptance. Code, section 751; Elliott on Roads & Streets, section 150, and cases cited. But the parties were at liberty to make such a contract with reference thereto as they saw fit, and by it they are bound. The evidence shows, however, that both parties construed the contract to mean a dedication by deeds accepted by the city, and, having so construed the contract themselves, they should now be bound by such construction. *McDaniels v. Whitney,* 38 Iowa, 60; *Thompson v. Locke,* 65 Iowa, 432.

The appellant further contends that there was a waiver of the condition or agreement because the appellee accepted the deed of the land, and executed and delivered the

2. WAIVER OF
CONDITION OF
SALE.

notes and mortgage, when he knew that the city had not accepted the streets. Before executing the papers he had been advised by the appellant's agent, through whom he bought the land, that the acceptance of the streets by the city was merely a matter of form, and that it would soon be procured. He thereafter forwarded the payment agreed on, together with the notes and the

mortgage, to this agent, at his request, and with a request of his own that the deeds of dedication be recorded and the entire deal fixed up according to agreement. This was not a waiver, but a requirement that the agreement be fully complied with, and this was distinctly understood and assented to by the plaintiff's agent, who received the payment and the notes and mortgage.

Nor do we think there was a merger. Ordinarily a merger depends largely on the intent of the parties, and it is conclusively shown here that it was the intention of both 

3. Merger.

parties that there should be no merger. *Wickersham v. Reeves & Miller,* 1 Iowa, 413; *Lyon v. McIllvaine,* 24 Iowa, 12.

Furthermore, the delivery of the deed and of the notes and mortgage were contemporaneous acts, and the deed was accepted and the notes and mortgage executed on conditions 

4. Conditional conveyance: parol proof of.

which may be shown by parol or otherwise. See 21 Am. & Eng. Enc. 1097, and cases cited. It would be extremely inequitable to hold that there is a merger in law, when both parties to the contract understood there should be none. We find no merit in the appellant's contention on this branch of the case.

The real question of difficulty in this case is whether the plaintiff is entitled to recover on the notes without first procuring an acceptance of the streets by the city. He 

5. Purchase money mortgage: foreclosure: breach of contract: damages.

agreed to procure such acceptance, and under ordinary circumstances he would be compelled to perform his contract in order to recover on the notes; and this, on the theory that a man should not be permitted to elect whether he will perform his covenant or only pay damages for the breach of it. But the situation in this case is somewhat peculiar. A conveyance was made and the defendant put in possession thereunder with the mutual understanding that the acceptance of the dedication was a formal matter only. The city, however, declined to accept it until the proposed extensions of the

streets were graded and put in proper condition. If the streets are filled to bring them up to the official grade, it will be a damage to the property in question, and the defendant does not want that done; but he does want the grade changed. He further says in his testimony that, if it is necessary to have the streets filled to procure an acceptance of the dedication, he " does not want that done." It is further shown that none of the streets in that vicinity are improved with reference to the official grade, and it is not likely that the ones in question will be. It is manifest that the plaintiff is under no obligation to procure a change of grade that shall be satisfactory to the defendant, and it is equally as evident that the defendant does not want the streets in question brought to the present official grade. Under these conditions should the plaintiff be denied all relief, and be further required to procure the establishment and acceptance of a grade by the city? We think not. Neither of the parties contemplated that the dedication and acceptance would involve the establishment of a grade or the grading of a street. This is apparent from the contract itself, and is so declared by the parties. We see no reason why the defendant may not be fully compensated in damages, and think that he should be afforded such relief only. The plaintiff should recover the amount due on his notes and mortgage, less the sum found on trial to be due the defendant as damages. We should not attempt to fix the damages in this court, for obvious reasons, and remand the case for the ascertainment thereof in the trial court, if any there be, and for a judgment in harmony with this opinion.

The case is *reversed* and *remanded.*