CARRIE M. KIRKWOOD, Appellee, v. PERRY TOWN LOT & IMPROVEMENT COMPANY, Appellant.

**VENDOR AND PURCHASER:** Rescission by Purchaser—Acceptance of Deed—Effect. The acceptance, by the purchaser in a land sale contract, of a deed, does not constitute a surrender of the contract of sale and the provisions thereof imposing certain named obligations on the vendor for future performance.

**EVIDENCE:** Relevancy, Competency and Materiality—Time, Place and Manner of Contracting. The circumstances attending the time, place and manner of entering into a contract may be material.

**WITNESSES:** Competency—Value. Evidence reviewed, and held sufficient to establish the competency of a witness to testify as to real estate values.

**WITNESSES:** Impeachment—Contradictory or Inconsistent Statements. Proof of contradictory statements which are immaterial or irrelevant is not competent to impeach a witness.

> PRINCIPLE APPLIED: A witness testified to the lessened value which a lot would have because of the failure to build a street car line in the vicinity. He denied that, in another case, he had testified that a certain lot in the same addition had been reduced in value one third by the failure to build a street car line, a college and a steel plant. The properties were not at all alike. A dwelling was on the said other property. The lot in question was vacant. *Held*, the alleged contradictory or inconsistent statement might not be shown.

**TRIAL:** Instructions—Misleading Instructions—Inaccurately Stating Amounts Paid. The objection that the jury was prejudicially misled by an instruction which inadvertently misstated that plaintiff had paid $450 on a contract, when the record evidence clearly demonstrated that the correct amount was $27 less, is purely hypercritical.

*Appeal from Perry Superior Court.*—W. W. CARDELL, Judge.

SATURDAY, OCTOBER 28, 1916.

ACTION by plaintiff to recover damages for breach of a warranty in a contract for sale of a lot. The issues, or some of them, are similar to those against this defendant decided at the present sitting. Plaintiff alleged that she had paid the full purchase price of said lot, $450, and that the street car line warranted in the contract had never been constructed, and that, by reason thereof, she was damaged in the sum of $300. The case was tried to a jury, and a verdict returned for plaintiff in the sum of $223, and judgment was rendered thereon. Defendant appeals.—*Affirmed.*

*H. G. Giddings,* for appellant.

*W. H. Winegar,* for appellee.

PRESTON, J.—1. The second count of defendant's answer alleged that the contract of sale was surrendered by the

payment of the full amount due thereon and the acceptance of a deed thereunder.· The court sustained plaintiff's demurrer to this count of the answer. The plaintiff alleged in her petition that, prior to the time plaintiff learned that the guaranty in the contract regarding the street railway would not be carried out, she, relying upon said guaranty, paid to defendant company the full amount called for in said contract and obtained a deed for the lot. The answer set up the same fact, and claimed that the act of paying all the money and securing the deed was a surrender for a valuable consideration to the defendant of any rights under the guaranty, found in the contract. The demurrer was on the ground that the answer did not state any defense, because the facts stated did not constitute a surrender, but· simply a fulfillment or an execution of the contract. We think the demurrer was properly sustained. *McCormick v. Merritt*, 131 Iowa 160.

*1. Vendor and purchaser: rescission by purchaser: acceptance of deed: effect.*

2. Plaintiff was permitted to testify, over objection, as to what she saw on the day of the lot sale, describing the tags, the large tent, the watermelon tent, the lot drawing, and the band. The thought is that such evidence was immaterial, and tended to prejudice the jury against the defendant. This evidence related to the time, place and manner of entering into the contract, and was admitted to show the situation of the parties at the time the contract was entered into, and all matters which would tend to prove that plaintiff relied upon the representations. Under the evidence, the verdict could have been for $250, but it was for only $223. It would seem, then, that the verdict was not·excessive, and that the admission of this evidence could not have prejudiced the defendant.

*2. Evidence: relevancy, competency and materiality: time, place and manner of contracting.*

3. Appellant contends that the court erred in admitting the testimony of the witness Modlin as to the value of plaintiff's property, for the reason that it was not made to appear · that witness was acquainted with the particular property

inquired about, or that he knew its value. The witness testi-

fied that he had lived in the city of Perry

3. WITNESSES:
   competency:
   value.

16 or 17 years; was in the real estate busi-

ness in that city; and that, during the last

few years, he had been familiar with the values of property in
Perry; that he knew the Dilenbeck Additions and knew the
value of lots in that neighborhood; that, some years before, he
had lived in Marshalltown, where street railways were in oper-
ation, and knew the effect of a street railway upon values. He
gave his opinion as to the value of the lot in question if a street
railway line had been built and in operation, as provided in
the contract, and gave his opinion as to the value without such
railway. It is quite clear that the witness was competent.

4. Evidence of other witnesses on the question of value
was properly admitted. Witness Modlin testified on cross-
examination, in regard to his testimony given in another of

these cases, and the following questions were

4. WITNESSES: im-
   peachment:
   contradictory
   or inconsistent
   statements.

asked:

"Q.  You were asked in that case a ques-

tion based upon the assumption not only that
a street car line was to be built, but also the assumption that
the Shorthill Steel & Iron Works was to be built and in oper-
ation and employing 200 men, and that Jones College had
been constructed at an expense of $20,000 and was in oper-
ation, were you not?  A.  Yes, sir; something like that.
Q.  And you stated as a witness in that case, considering all
of those things, that the value of Mr. Kirkwood's lots would
be about one-third less without all those things than with them,
didn't you?  A.  I did not."

In rebuttal, the defendant sought to show by the reporter
that the witness did so testify, but plaintiff's objection thereto
was sustained, and we think properly so. It is thought by
appellant that the evidence is impeaching. But it is a suffi-
cient answer to say that the properties were not at all alike,
and in this case, the plaintiff sues only because the street

railway was not built. In the other case, there was a question, in addition to that regarding the street railway, as to false representations in regard to the iron works and college. Still further, in the instant case the property was a vacant lot, and in the other, it was a lot upon which a dwelling house was situated. This last proposition is not very clear, but it is so claimed by appellee, and one of the questions asked the reporter was as to whether witness had not testified that the price was reduced one-third, from $3,300 or $3,500, which is some indication that the property inquired about in the other case was not a vacant lot.

5. In stating the issues to the jury, and where the burden of proof was, and what plaintiff must prove, the court said to the jury, in substance, that it must be shown that plaintiff and defendant entered into the contract of purchase as alleged, and that there had been a breach of the guaranty and warranty in regard to the railway; that plaintiff had paid $450 for said lot and complied with said contract, etc. In another instruction, the court said that the jury must find that plaintiff complied with her part of said agreement of purchase in any event, before she would be entitled to recover. The petition alleged that plaintiff had paid $450 for the lot, and the contract provided that she should pay $45 down and $405 in $5 monthly payments thereafter. The plaintiff testified that she paid the full amount of the contract, but that the deferred payments were all paid within 30 days after the execution of the contract, and that she was allowed a discount. The amount really paid was $423. It is argued by appellant that the instructions are the law of the case, and that the jury was misled, to defendant's prejudice, by the court's giving the amount as $450, when the evidence showed that but $423 had been paid. Under the circumstances indicated, we think the objection is exceedingly technical. The jury was to be governed by the evidence as to the amount of the payments. It is not shown how much

5. TRIAL: instructions: misleading instructions: inaccurately stating amounts paid.

the discount was, but it is fair to assume that plaintiff did pay $450, less the discount; in other words, that the $423 and the discount made the $450. We are unable to see how defendant could be prejudiced in any manner by this inadvertence, if it was such, on the part of the court.

Another error assigned is in regard to the instruction as to the measure of damages, but we do not find that this assignment is argued. Some other questions are argued, but they are not of controlling importance.

We discover no error in the record, and the judgment is, therefore—*Affirmed.*

EVANS, C. J., DEEMER AND WEAVER, JJ., concur.