EMMA B. GRAY, Appellant, v. P. O. VAN GORDON, Appellee.

**DEEDS:** Merger of Contract—Proper Reformation for Mutual Mistake. A contract for the conveyance of land, *in the absence of plea and proof to the contrary,* will be conclusively presumed to merge in a subsequently executed deed of conveyance. It follows that, if the covenants of the deed do not express the mutual intent of the parties, the *deed,* and not the *contract,* should be reformed.

*Appeal from Des Moines Municipal Court.*—ESKIL G. CARL-SON, Judge.

NOVEMBER 15, 1919.

ACTION on warranty in conveyance against incumbrances amounting to $83.92, resulted in the dismissal of the petition. On certificate of the trial court that an appeal should be allowed, the plaintiff brings the cause to this court.—*Reversed.*

*Hudson & Hudson,* for appellant.

*C. S. Missildine,* for appellee.

LADD, C. J.—The defendant, Van Gordon, on August 23, 1916, entered into a contract, by the terms of which he agreed to sell Lot 174 in Union Addition to the city of Des Moines to A. L. Willey, for the sum of $3,800, to be paid as specified in the contract, and, upon payment, conveyance to be made. The purchaser undertook "to pay all taxes and assessments that may accrue on said property as they become due or before they become delinquent, including tax for the year 1916." On the 26th day of September following, the defendant, with his wife, executed a warranty deed, covenanting that the premises were "free and clear of all liens and incumbrances whatsoever," except a mortgage of $1,500. There were then existing a lien against said prop-

erty for an assessment of $50.76 for curbing, one for paving, $29.03, and another for curbing, $4.13, not covered by the above clause: in all, $83.92. The plaintiff paid this sum, and brought this action on the covenant in the deed against liens and incumbrances, to recover the same. The defendant pleaded that, on September 27, 1916, he sold the contract to Henry Gray, and executed a warranty deed in blank, conveying the property described, for the express purpose of enabling Gray to consummate said contract, which he had purchased of Willey; that Gray, instead of completing it, inserted in the space left blank the name of plaintiff, without paying these assessments, though said Gray should have satisfied all special assessments not paid by Willey. On hearing had March 29, 1916, the court found that the contract and deed should be construed together; that, by the terms of the contract, the defendant would be liable for the amount of the assessments: but, upon the statement of the defendant in open court that the contract did not express "the true intent and meaning of the parties thereto," allowed the defendant to file an amendment, praying for the reformation of the contract, and postponed the trial, to enable him so to do. On April 2d, following, the defendant filed an amendment, referring to the provision in the contract providing that "the party of the second part shall also annually pay all taxes and assessments that may accrue on said property, as they become due or before they become delinquent, including the tax for the year 1916," alleging that the mutual understanding of the parties was that the purchaser should "pay all special assessments on said property that became due during and including the year 1916 or at any later date," even though they had accrued prior to the signing of the said contract, and prayed that the clause in the contract be reformed so as to require the second party to "pay all taxes and assessments that may accrue, or any that have accrued on said property," etc.

The trial was concluded April 17th, when the court found that "the contract does not express the true intent and meaning of the parties," and that the reformation asked by the defendant would express the true intent of defendant and Willey; and further, that both said Willey and defendant thought and believed that the contract did express their intent and meaning, when signed by them. The court further found that, at the time "the contract was drawn by plaintiff's attorney, acting for defendant and Willey, that said contract was truly and correctly drawn, according to the instructions given him by both said parties to the contract; that the failure to include any expressions as to unpaid special assessments was due, not to the attorney, but to the complete failure on the part of both parties to the contract to say anything, through inadvertence or forgetfulness, concerning said special assessment. This is admitted and undenied by all witnesses and parties hereto." The court further found that "the plaintiff's agent was present at the time of the drawing of the contract, and heard the instructions given to the attorney, and knew the contents and details of the contract, as drawn; said plaintiff, by her agent, was present, because she was, through an arrangement with defendant, to become interested in defendant's contract as chattel security for a loan to be made by plaintiff; that, subsequent to this time, plaintiff, for valuable consideration, purchased defendant's interest in the contract, without any further explanation or qualification or knowledge that the contract did not express the true terms of the agreement; and subsequently, without any other explanation or knowledge, plaintiff took an assignment of the contract from Willey, agreeing to assume and pay the $1,500 mortgage."

The cause is submitted on the special findings of the court; and, as will be observed, nothing is contained therein with reference to the alleged transfer to Henry Gray, or

the execution of the deed with space left blank for the insertion of the name of the grantee; and, though an assignment of the contract to Henry Gray appears on the back of the contract, this must be disregarded, in the face of the finding of the court that plaintiff took an assignment thereof from Willey. We have, then, this situation: By mutual mistake of defendant and Willey, a condition was omitted from the contract providing for the payment of all special assessments constituting liens on the property which had accrued or might accrue, and, as against Willey, defendant would be entitled to have the contract so reformed as that the condition should be included therein. If, as the court also found, the plaintiff was in no better situation than Willey would have been, had the conveyance been made to him, reformation might have been had as to her, also. But all she knew, or could have been charged with knowing, was what occurred when the contract was prepared; and the court expressly found that nothing was said of the part of the understanding sought to be inserted in the contract by way of reformation. Without knowledge of any omission in the contract, how can it be said that there was a mistake on grantee's part, in omitting the same from the deed? But it is unnecessary to answer this inquiry; for defendant did not pray for the reformation of the deed, or for general relief. The contract, in the absence of any showing to the contrary, must be found to have been merged in the deed. *Davenport v. Whisler*, 46 Iowa 287; *Kirkwood v. Perry Town Lot & Imp. Co.*, 178 Iowa 270; *McCormick v. Merritt*, 131 Iowa 160. The first of these cases quotes with approval from Rawle on Covenants for Title, 605:

"When the deed of conveyance has been executed, the contract is then executed; any inconsistencies between its original terms and those of the deed are, in general, to be explained and governed solely by the latter, into which the former is merged, and by which the parties are thereafter

to be bound, and the purchaser's only relief, either at law or in equity, from defects or incumbrances, depends, in the absence of fraud, solely upon the covenants for title which he has received."

The subject is well stated in *Houghtaling v. Lewis,* 10 Johns. (N. Y.) 297:

"Articles of agreement for the conveyance of land are, in their nature, executory, and the acceptance of a deed in pursuance thereof is to be deemed, *prima facie,* an execution of the contract, and the agreement thereby becomes void, and of no further effect. Parties may, no doubt, enter into covenants collateral to the deed, or cases may be supposed when the deed would be deemed only a part execution of the contract, if the provisions in the two instruments clearly manifested such to have been the intention of the parties. But the prima-facie presumption of law arising from the acceptance of a deed, is that it is an execution of the whole contract; and the rights and remedies of the parties, in relation to such contract, are to be determined by such deed, and the original agreement becomes null and void. This appears to me to be a sound and salutary rule, and conformable to the doctrines of this court in the case of *Howes v. Barker,* 3 Johns. Rep. 506. The chief justice, in that case, said he could not surmount the impediment of the deed which the plaintiff had accepted from the defendant; and that he thought himself bound to look to that deed as the highest evidence of the agreement of the parties."

As announcing the same doctrine, see *Farmers' and Mechanics' Bank v. Galbraith,* 10 Barr (Pa.) 490; *Shontz v. Brown,* 27 Pa. St. 123.

The execution of the deed presumably is the consummation of the contract, and parties thereafter look only to the deed for conditions of the transfer; and, where merger of the contract into the deed is denied, the burden of proof rests on the party so denying to show that a merger was not

intended. *Gainey v. Anderson,* 87 S. C. 47 (31 L. R. A. [N. S.] 323). See 10 R. C. L. 667.

In preparing the deed, no exceptions of the assessment liens were inserted. On the contrary, the grantor expressly covenanted against such liens, thereby covering the subject-matter said to have been omitted from the contract through inadvertence. This precludes the thought that the deed did not cover the particular stipulation sought to be inserted in the contract. *Thordson v. Kruse,* 173 Iowa 268.

There was no finding by the trial court that an exception to the above covenant was omitted from the deed through mutual mistake, or in the perpetration of fraud. Nor was reformation of the deed prayed. All defendant asked was that the contract be reformed so as to except liens for special assessments that had accrued on the property; and leave to file an amendment so praying only was granted. As the contract had been merged into the deed, there was no occasion for the reformation of the contract. If there had been a mutual mistake in its execution, this might have been pertinent to the issue, had defendant sought to have reformation of the deed decreed. No such relief was sought, nor did the decree of the court so direct. The deed, not having been assailed, nor reformation thereof prayed, must have been treated as evidencing the final agreement of the parties; and, breach of the warranty contained therein having been proven, judgment should have been entered against the defendant for the consequent damages.— *Reversed.*

WEAVER, GAYNOR, and STEVENS, JJ., concur.