CROWLEY v. HARADER.

1. **Mortgage:** INTERVENING EQUITIES: NO PERSONAL JUDGMENT TILL SECURITY EXHAUSTED. Defendant mortgaged land to T. to secure the note in suit in this action. Afterwards he sold the land to G., who assumed the debt to T. as a part of the consideration. G. put a second mortgage on the land. Both mortgages were duly recorded. Plaintiff became the owner of the second mortgage, and foreclosed it, without making either defendant herein or T. a party to the proceedings, and he bought in the land for the amount of the second mortgage and costs, though it was worth much more, and he knew that it was charged with the mortgage to T. as a first lien. Afterwards he purchased the note and mortgage of T., and then entered satisfaction of the mortgage of record, and in this action he seeks to recover a personal judgment against defendant on his note to T. *Held* that he could not recover; and that all that he could in any event demand would be that defendant should pay him any balance there might be after exhausting the land in payment of the mortgage to T.

*Appeal from Adams Circuit Court.*

SATURDAY, JUNE 12.

THE plaintiff demands judgment against the defendant upon a promissory note for $250, executed by defendant on the first day of February, 1876, and due in five years. The defendant interposed an equitable defense, and the cause

appears to have been tried as in equity. There was a decree for the defendant. Plaintiff appeals.

*Maxwell & Dale*, for appellant.

*Davis & Wells*, for appellee.

ROTHROCK, J.—The material facts in the case are as follows: In June, 1874, the defendant was the owner of certain real estate. He borrowed $167 of the school fund, and secured the payment of the same by a mortgage on his land. On the first day of February, 1876, he borrowed $250 of one Thomas, for which he gave the note in suit in this action, and secured the same by a second mortgage on said real estate. In March, 1876, the defendant sold the land to one Guile, and conveyed the same by warranty deed, except as to said mortgages, which were both excepted from the covenants in the deed, and the money they were given to secure was deducted from the consideration paid for the land; and Guile, by an oral agreement, assumed the payment of the mortgages as part of the purchase price of the land. In pursuance of this agreement Guile paid the interest on the note in suit for several years. After Guile purchased the land he made a mortgage thereon to Thompson & Triplett, to secure the payment of $489. All of the mortgages were duly recorded. After purchasing the last mortgage, the plaintiff foreclosed the same without making the defendant herein or Thomas, the holder of the second mortgage, parties to the suit. The plaintiff became the purchaser at the foreclosure sale, and his bid was the amount of the last mortgage, and costs. The land was then and is now of the value of from $1,200 to $1,500. After plaintiff became the owner under the foreclosure, and after the note in suit became due, he purchased the same from Thomas, and seeks, by this action, to recover a personal judgment against the defendant.

The evidence shows quite satisfactorily that when the plaintiff purchased the note and mortgage of Thompson &

Triplett he was duly notified and advised that Guile had contracted with the defendant to pay the mortgage debt now in controversy, and that it was part of the terms of the sale of the land by the defendant, being part of the purchase money. It requires neither discussion nor argument to demonstrate that the plaintiff ought not to have an unconditional judgment against the defendant. When he purchased the land at the foreclosure sale, it is to be presumed that he bid what he thought he could afford to pay for the land, subject to the prior incumbrances. But even this presumption is not necessary to defeat his action. He knew when he purchased at the sheriff's sale that, as between the defendant and Guile, the land was made the primary fund for the payment of this debt; and with this knowledge, and having received more than enough in the value of the land to pay all the mortgages upon it, he cannot be allowed to demand a personal judgment against the defendant. The most that he could in any event demand, is that the defendant should pay him any balance there might be after exhausting the land in payment of this mortgage. He not only refuses to do this, but it appears, by a motion filed in this court, that after decree in the court below he entered satisfaction of record of the mortgage given to secure this debt.

The decree of the circuit court is

AFFIRMED.