John M. McDonald, Appellant, v. John Magirl.

**Guaranty: MERGER.** The guarantor of a first mortgage upon real property, is not liable thereon after its holder, who is also the holder of a second mortgage, has foreclosed such second mortgage and acquired a fee in the property.

*Appeal from Delaware District Court.*—Hon. A. S. Blair, Judge.

Saturday, April 11, 1896.

This is an action to recover the amount of money secured by a mortgage upon certain real estate. The defendant did not execute the mortgage, but it is claimed he is liable, because he assumed the payment of it. There was a trial by jury. At the close of the introduction of the evidence, the court, on motion, directed the jury to return a verdict for the defendant. The plaintiff appeals.—*Affirmed.*

*Dunham & Norris* and *Marsh & Henderson* for appellant.

*Bronson & Carr* for appellee.

Rothrock, C. J.—I. Daniel McDonald was the owner of three lots in Sioux City. On the seventeenth day of July, 1888, he sold the lots to John Magirl, the defendant herein. The purchase price was two thousand, five hundred dollars. Of this sum, eight hundred dollars was paid in cash. There was a mortgage on the property for eight hundred dollars, and interest, which McDonald had before that time executed to one, Charles C. Orr. A deed was made from McDonald to the defendant, for the lots, by which McDonald

warranted the title of the property, excepting the mortgage of eight hundred dollars, to Orr, which the defendant assumed to pay. The covenants of warranty, and the assumption of the payment of the mortgage, were in these words: "And we hereby covenant with the said John Magirl, Sr., that we hold said premises by good and perfect title; that we have good right and lawful authority to sell and convey the same; that they are free and clear of all liens and incumbrances whatsoever, except mortgage of $800, and interest, to C. C. Orr, which grantee assumes and agrees to pay." For the balance of the purchase price, being the sum of nine hundred dollars, the defendant executed promissory notes to said McDonald, and secured the payment of the same by a mortgage on the property. Soon after the sale of the lots, McDonald transferred the notes and mortgage for nine hundred dollars to said C. C. Orr. After this last transaction, Orr held two mortgages on the property,—one for eight hundred dollars, which was the first lien, and one for nine hundred dollars, which was given by the defendant, which was the second lien. The defendant did not pay the mortgage which he executed to McDonald, and Orr foreclosed the same, making Magirl and wife, and McDonald, parties defendant. No resistance was made to the foreclosure, and Orr bought the property at the foreclosure sale for the amount of the judgment and costs, and afterwards a sheriff's deed was made to Orr in pursuance of the sale. After the sale and the deed, Orr died, and McDonald paid to the representatives of his estate the amount of the first mortgage, and assigned his alleged right to be reimbursed by reason of Magirl's assumption of the payment of the mortgage to the plaintiff herein. This action is founded upon the assumption of the payment of this mortgage by Magirl in his purchase of Daniel McDonald. These

are the material facts in this case. Other facts, presented in the court below, and discussed by counsel, need not be considered. For example, it is wholly immaterial whether Daniel McDonald paid the first mortgage to representatives of Orr voluntarily, or by compulsion. If the foreclosure of the second mortgage operated as an extinguishment of the first mortgage and the debt which it was given to secure, neither McDonald nor his assignee were bound to pay it; and, if they did so, the plaintiff herein is not an innocent holder, as against the defendant. If Orr extinguished the mortgage by his first foreclosure, McDonald, by paying it off, acquired no right to enforce it against the defendant, because the debt was, in effect, paid by the foreclosure, and Daniel McDonald and the plaintiff herein occupy the same position as Orr would have been in, if he had undertaken to foreclose the first mortgage, and collect the debt, after having foreclosed and taken his deed under the first mortgage. These propositions are so plain that they ought not to be the subject of debate.

The contention of appellee is that, when Orr forelosed the second mortgage, and bought the land, he bought it subject to the senior mortgage, and the senior mortgage thereby merged into the fee, and the debt was extinguished. In our opinion, this proposition is correct, and in accord with the law applicable to merger in such cases. The principle is recognized in the cases of *Crowley v. Harader*, 69 Iowa, 83 (28 N. W. Rep. 446), and *Byington v. Fountain*, 61 Iowa, 512 (14 N. W. Rep. 220 and 16 N. W. Rep. 534). In the case of *Bank v. Reis* (Ill. Sup.) (26 N. E. Rep. 646), the following language is employed: "When one who is absolutely entitled in his own right to a charge or incumbrance on land, becomes the owner in fee of the same land, with no intervening interest or lien, the charge will at law, merge in the ownership, and

cease to exist. Under like circumstances, a merger will take place in equity, where no intention to prevent it has been expressed, and none is implied from the circumstances and the interests of the party. 2 Pom. Eq. Jur., section 790. The premises, in such case, become the primary fund for the payment of the mortgage, and whoever acquires that fund, and the mortgage also, must be regarded as having applied the fund to the payment of the mortgage. *Lilly v. Palmer*, 51 Ill. 331; Jones, Mortg., section 865. The indebtedness will be presumed to have been discharged as soon as the holder of it becomes vested with the title to the land upon which it is charged, 'on the principle that a party may not sue himself at law, or in equity.' The purchaser is presumed to have bought the land at its value, less the amount of indebtedness secured thereon, and equity will not permit him to hold the land and still collect the debt from the mortgagor. *Biggins v. Brockman*, 63 Ill. 316; *Weiner v. Heintz*, 17 Ill. 259; *Shinn v. Fredericks*, 56 Ill. 439."

Our conclusion is that the acquisition of the title under the foreclosure of the second mortgage, extinguished the debt secured by the first mortgage.— Affirmed.