ANNIE WILLIAMS, Plaintiff and Respondent, v. EUGENE E. CAMPION and Flora Campion, Defendants and Appellants.

(206 N. W. 703.)

**Mortgages — holding title acquired by tax deed subsequently conveyed to assignee of mortgagee held not to defeat right of assignee of debt secured by mortgage to recover thereon.**

Where one executes a note secured by a mortgage containing a clause permitting the mortgagee to pay the taxes and add the amount to the mortgage debt, and where the premises are subsequently sold to one other than the mortgagee, who acquires title by tax deed which is subsequently conveyed to the

assignee of the mortgagee, the holding of the title thus acquired does not defeat the right of the assignee of the debt to recover thereon.

Opinion filed December 21, 1925.

Mortgages, 41 C. J. § 905 p. 790 n. 20.

Appeal from the District Court of Bottineau County, *Kneeshaw*, J. Affirmed.

*Campbell & Funke*, for appellants.

*W. H. Adams*, for respondent.

BIRDZELL, J.   This is an appeal from an order denying a motion to vacate certain proceedings had and from the judgment entered in favor of the plaintiff.   The action was upon certain promissory notes which were alleged to have been executed by the defendants who were man and wife.   There are four causes of action stated upon as many separate notes, which appear to be mortgage notes representing principal and interest.   The answer was a general denial.   A short while before the term at which the cause was to be tried, the defendants engaged new counsel who prepared a proposed amended answer and served notice of a motion, to be heard on the opening day of the term, for permission to file the same.   The proposed amended answer is in substance a general denial with additional allegations to the effect that the defendant E. E. Campion was the owner of certain land in Burke county and that the defendant Flora Campion was his wife; that, as a part of the transaction in which the notes were given, mortgages were executed which constitute valid and subsisting liens upon the real property described; that the mortgages contained provisions to the effect that, if the lands were sold for taxes or if the taxes thereon had not been paid by the mortgagors, the holder of the mortgage might redeem from the sale or pay the taxes and that the amount so paid should constitute an additional lien drawing interest at the rate specified in the mortgage and be collectible as a part of the mortgage debt; that the defendant Flora Campion had no interest in the property but executed the mortgage pursuant to custom and usage in the execution of mortgages upon real property; that the property was not homestead property;

that there was no consideration for her signature, the same being attached for the sole purpose of waiving homestead and evidencing the fact that she claimed no homestead right in the property. It is further alleged that subsequent to the execution of the notes and mortgage, taxes for the years 1917, 1918, 1919 and 1920 were levied and assessed and, the taxes for the year 1917 not having been paid, the property was sold at the regular tax sale held in 1918, one E. R. Moore becoming the owner and holder of the tax sale certificate; that the taxes for 1918, 1919 and 1920 were paid by the owner and holder of the tax sale certificate and that thereafter such proceedings were had in manner and form as provided by law; that the "said land so mortgaged as aforesaid was duly conveyed by deed to the said E. R. Moore" and that thereafter Moore conveyed the property to the plaintiff or her predecessor in interest, the holder and owner of the notes and mortgage becoming thereby the owner of the land in fee. The legal conclusion that the mortgage lien and the indebtedness became merged in the title and ownership so acquired by the plaintiff or her predecessor in interest, is likewise pleaded.

The proceedings referred to in the notice of appeal have to do with the denial of the motion for permission to amend and with the circumstances in which the new counsel for the defendants and the defendants were disappointed in their desire and intention to file an affidavit of prejudice under the statute before the opening of the term in the event that a certain judge should preside at the term. Inasmuch as the merits of this case are involved in the facts alleged in the amended answer, we will not need to notice the proceedings complained of, if it in fact states no defense. Counsel for the appellant concedes in his brief that, if the proposed amended answer does not state facts constituting a defense, the defendants were not prejudiced by the action of the trial court in the other proceedings.

The first question to consider is this: Where one executes a note secured by mortgage, the mortgage containing a clause permitting the mortgagee to pay the taxes and add the amount to the mortgage debt, and the premises are subsequently sold to one other than the mortgagee, who acquires title by tax deed, does the conveyance of this title to the mortgagee, or his assignee, defeat the right to recover the debt? Counsel rely principally upon the case of Finlayson v. Peterson, 11 N. D.

45, 89 N. W. 855. In that case the mortgagee, who had acquired title through a void foreclosure, set up, in addition, a tax title. The mortgage contained a clause similar to that pleaded in the instant case. The holding on this point was (see page 53 of the opinion) that the tax deed could not stand as a conveyance in favor of the mortgagee, because when obtained the mortgagee had express permission by the terms of the mortgage to pay the taxes and add the amount to the mortgage debt and that, by reason of such permission, the mortgagee was "estopped to acquire title as against the mortgagor." In the instant case it is not alleged that Moore, who acquired the tax title, occupied the position of a mortgagee, for aught that appears in the answer in the instant case Moore's title was adverse to the plaintiffs' lien as well as to the defendants' title, as the tax lien was superior to both. When, therefore, the tax lien had, as alleged in the answer, ripened into a tax deed, there was a deraignment of title and both the mortgage lien and the defendants' title were extinguished. The mortgage lien being extinguished, the mortgagee, or his successoor in interest, no longer stood in any relation of trust or confidence with respect to the property and was as free to bargain for its purchase as though the mortgage had never existed. There can be no basis for any contention that the tax lien clause in the mortgage obligated the mortgagee to pay taxes; it only permitted this to be done. Under the facts alleged in the answer, he did not in fact pay the taxes; he purchased a fee title. We are clearly of the opinion that the principle applied in the case of Finlayson v. Peterson, supra, has no application under these facts.

Counsel also argues that, as the answer shows the acquisition of the property which was held as security for the debt, it states a defense, at least pro tanto, that is, to the extent of any margin of value above the amount paid by the plaintiffs. Miller v. Little, 37 N. D. 612, 164 N. W. 19. The amount paid by the plaintiff or her predecessor in interest is not alleged, but there is an allegation that the premises were worth more than the amount due upon the mortgage together with taxes "and any and all sums so paid by the holder and owner thereof as aforesaid in acquiring the ownership and title thereto," and there is a further allegation that the plaintiff or her predecessor in interest, by the acquisition of the title from Moore, became the owner of the land in fee simple absolute and the owner of the equity of redemption therein

and "did then and there and therein and thereby elect to take the said land and premises and the title thereto in payment and satisfaction of the said mortgage and the said indebtedness secured thereby." It does not appear that the plaintiff or her predecessor in interest acquired title through occupying any favored position, such as that of redemptioner. Neither does it appear that an adverse title was outstanding because of any breach of the obligations of the mortgage by the mortgagee. Consequently the allegation that the plaintiff or her predecessor in interest *elected* to take the land in payment and satisfaction of the mortgage amounts to nothing more or less than a charge of mental attitude. The facts pleaded show that the title of the defendants was gone wholly without fault of the mortgagee, and no facts are set forth which would put the plaintiff, or her predecessor, to an election as a matter of law. A mere voluntary declaration or mental determination would not constitute a release of indebtedness. As we are satisfied that the proposed answer sets up no defense to the cause of action alleged in the complaint, we deem it unnecessary to consider the other questions presented.

Judgment affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BURKE, and JOHNSON, JJ., concur.