[Civ. No. 5578.  First Appellate District, Division Two.—November 8, 1926.]

## WILLIAM S. TURNER, Respondent, v. GEORGE STOCK, Appellant.

[1] APPEAL—ERROR—MISCARRIAGE OF JUSTICE.—Under section 4½ of article VI of the constitution, an appellate court may not reverse a judgment unless, upon an examination of the entire cause, including the evidence, it is satisfied that the error complained of has resulted in a miscarriage of justice.

[2] SPECIFIC PERFORMANCE—JUDGMENT—APPEAL ON JUDGMENT-ROLL—EVIDENCE—PRESUMPTIONS.—In an action to compel specific performance of an alleged contract to sell real property, where the appeal from the judgment in favor of the plaintiff is on the judgment-roll alone, the appellate court is compelled to presume in support of the judgment that the evidence taken at the trial was sufficient to support the findings of the trial court, that competent evidence was received to clear all the claimed uncertainties in the writings going to make up the alleged contract, and that this evidence was sufficient to warrant the trial court in ordering a specific performance of the contract.

[3] ID. — DEFECTIVE COMPLAINT — FAILURE TO DEMUR — APPEAL. — Though the complaint in such action to compel specific perform-

---

1.  See 2 Cal. Jur. 1006.
2.  See 2 Cal. Jur. 877.

ance may have been subject to demurrer, yet where no demurrer was filed and the parties went to trial, and the appeal from the judgment in favor of plaintiff was on the judgment-roll alone, the appellate court could not say that any error complained of resulted in a miscarriage of justice.

[4] Id.—Issues—Evidence—Findings — Judgment — Appeal. — When the findings of fact and conclusions of law cover all the essential elements of the cause of action which should have been pleaded, and the judgment is in accordance with such findings, the appellate court may assume, in the absence of a showing to the contrary, that the facts so found were within the issues as framed by the pleadings or by the parties during the course of the trial and that they were proved by competent evidence admitted without objection.

[5] Id.—Pleading—Variance—Failure to Amend Pleadings—Findings—Appeal.—Where there is a variance between the pleadings and the proof, the proper method of procedure is to amend the pleadings to conform to the proof; but when the record as presented on appeal shows that the trial court found all the facts to be true which are essential to support the judgment entered, but that in some respects the complaint did not sufficiently plead those facts, and the record fails to show whether the pleader asked for leave to amend his complaint to conform to the proofs, the appellate court may not reverse the judgment unless the appellant shows that prejudicial error has occurred.

[6] Id.—Special Defenses — Absence of Findings — Appeal — Presumptions.—In an action to compel specific performance of an alleged contract to sell real property, where the defendant claims error by reason of the failure of the trial court to find upon his special defense of unfair advantage claimed to have been taken of defendant, it is incumbent upon him to bring up the evidence so that the appellate court may determine whether error occurred, otherwise the appellate court must assume that the issue was abandoned, or that the evidence would not support the finding asked for, or that it would have required a finding adverse to defendant.

[7] Id.—Uncertainties — Parol Testimony—Appeal—Presumptions. Where the writings constituting an alleged contract to sell real property consist of certain letters and a telegram, and the uncertainties appearing on the face of such writings are of such a character that, in an action to compel specific performance, the matters can be cleared at the trial without any infringement upon the rule covering the admission of parol testimony,

4.　See 2 Cal. Jur. 874.

the appellate court must assume, on appeal on the judgment-roll alone from the judgment in favor of plaintiff, that such matters were cleared up at the trial.

(1) 4 **C. J.**, p. 665, n. 14, p. 1168, n. 98.     (2) 4 **C. J.**, p. 777, n. 69, p. 786, n. 35.     (3) 4 **C. J.**, p. 1170, n. 33; 21 **C. J.**, p. 366, n. 97. (4) 4 **C. J.**, p. 775, n. 47, p. 776, n. 49 New.     (5) 4 **C. J.**, p. 1171, n. 53 New; 31 **Cyc.**, p. 448, n. 65.     (6) 4 **C. J.**, p. 548, n. 91, 92, p. 776, n. 48.     (7) 4 **C. J.**, p. 786, n. 35; 13 **C. J.**, p. 281, n. 30; 22 **C. J.**, p. 1157, n. 48, p. 1192, n. 11, p. 1194, n. 12; 36 **Cyc.**, p. 587, n. 75, p. 588, n. 76.

APPEAL from a judgment of the Superior Court of Los Angeles County. William C. Doran, Judge. Affirmed.

The facts are stated in the opinion of the court.

Tanner, Odell & Taft for Appellant.

G. R. Dexter, Howard B. Henshey and Bailie, Turner & Lake for Respondent.

NOURSE, J.—Plaintiff sued for the specific performance of a written contract for the sale of real property in Los Angeles County for the agreed sum of six thousand dollars. The complaint alleged that the written contract was executed on August 18, 1921, and arose from two letters and a telegram passing between the parties; first, a letter dated June 8, 1921, sent from Detroit, Michigan, by the defendant to the plaintiff, in which the defendant acknowledged receipt of plaintiff's letter of June 3d, and offered to sell the property which is the subject of the action for the sum of six thousand dollars; and, second, a letter dated August 6, 1921, and also sent by the defendant to the plaintiff from Detroit, in which the defendant stated that his former offer would stand until January 1, 1922; the third, a telegram dated August 18, 1921, sent by the plaintiff to the defendant in Detroit in which the plaintiff stated that he would take the property for six thousand dollars, and added "send deed and certificate for collection to First National Bank Hollywood. Deed to run to me." The defendant denied the execution of the contract on August 18th, or at any other time, and set up a special defense, pleading that the plaintiff had taken an unfair advantage of him in the trans-

action, because of his knowledge of the increased value of real property in and about Los Angeles. The trial court found that the parties executed a written agreement for the purchase and sale of the property involved for the sum of six thousand dollars on August 18, 1921, and gave judgment for the plaintiff as prayed. From this judgment the defendant has appealed upon the judgment-roll alone without a bill of exceptions.

On this appeal the appellant has advanced numerous points in his attack upon the judgment, as well as upon the finding of the trial court that the contract was executed as found. It is argued that the writings were incomplete and indefinite as to terms of payment and in other respects; that the minds of the parties did not really meet on all the essential elements; that there was a variance in the terms of the offer and the acceptance; that it was not shown that the contract was just and reasonable as to the appellant, and that the trial court failed to find on the special defense of unfair advantage claimed to have been taken by the plaintiff. No claim is made that the findings do not support the judgment or that the judgment does not grant to the respondent the relief to which in law and equity he is entitled if the findings have been properly made. These, we will endeavor to show, are the only questions open to the appellant on an appeal taken in this manner.

In support of the judgment the respondent insists that inasmuch as the appeal is upon the judgment-roll alone and without a bill of exceptions it is not competent for this court to entertain the objections advanced by the appellant. The position of the respondent is that on this record the appellant has failed to show wherein any of the errors assigned by him have been prejudicial. [1] The principle of law involved is that under section 4½ of article VI of the constitution, an appellate court may not reverse a judgment unless, upon an examination of the entire cause, including the evidence, it is satisfied that the error complained of has resulted in a miscarriage of justice. [2] Because of this mandate we are compelled to presume in support of the judgment that the evidence taken at the trial was sufficient to support the findings of the trial court, and we are also compelled to presume that competent evidence was received to clear all the claimed uncertainties in the writings and that

this evidence was sufficient to warrant the trial court in ordering a specific performance of the contract. In *Silvers* v. *Grossman,* 183 Cal. 696, 702 [192 Pac. 534, 537], Mr. Justice Lennon, speaking for the court, said: "Where the appeal is upon the judgment-roll alone, so that the record fails to disclose whether or not, at the trial, objections were interposed to evidence as not within the issues, it has been held that it will be presumed in support of the findings and judgment that the pleadings were treated as sufficient to raise the issues upon which the findings were made and that evidence in support of such issues was introduced and went in without objection." (*Platner* v. *Vincent,* 194 Cal. 436, 442 [229 Pac. 24]; *Philbrook* v. *Randall,* 195 Cal. 95, 104 [231 Pac. 739].)

[3] Thus, though the complaint may have been subject to demurrer, nevertheless, no demurrer having been filed and the parties having gone to trial, we are unable to say on this record that any error complained of has resulted in a miscarriage of justice. This is so because the action being in equity the complaint is entitled to a more liberal construction (*Brown* v. *Anderson-Cottonwood Irr. Dist.,* 183 Cal. 186 [190 Pac. 797]; *Zellner* v. *Wassman,* 184 Cal. 80, 88 [193 Pac. 84]), and because on this record we are unable to say what occurred between the parties during the trial. They may have stipulated to any facts not pleaded or permitted evidence to be received thereon without objection or may have expressly waived any insufficiency in the pleadings. [4] When the findings of fact and conclusion of law cover all the essential elements of the cause of action which should have been pleaded and the judgment is in accordance with such findings we may assume, where the appeal is based upon the judgment-roll alone, that any one or all of such transactions may have occurred during the course of the trial. Putting it in another way, when the findings are complete and sufficient to support the judgment we must presume, in the absence of a showing to the contrary, that the facts so found were within the issues as framed by the parties during the course of the trial and that they were proved by competent evidence admitted without objection.

[5] The proper method of procedure is to amend the pleadings to conform to the proof, but when the record as presented on appeal shows that the court found all the facts

to be true which are essential to support the judgment entered, but that in some respects the complaint did not sufficiently plead those facts, and the record fails to show whether the pleader asked for leave to amend his complaint to conform to the proofs we may not reverse the judgment unless the appellant shows that prejudicial error has occurred. Thus, if it be a fact that evidence was received without objection on an issue not properly pleaded and the respondent failed to ask leave to amend his complaint to conform to the proof, would the appellant be in any better position if such leave had been asked by the respondent and granted? If not, where is the prejudicial error?

[6] Upon the same principle the appellant is not in a position to urge error in the failure of the trial court to find on his special defense. When the objection is that the trial court has made an erroneous finding (a finding not supported by the evidence), or that it has failed to find on a particular issue (that the evidence required a certain finding on that issue), it is incumbent upon the appellant to bring up the evidence so that the appellate court may determine whether error has occurred. Otherwise, we may assume that the evidence supported the finding made in the first instance, or, in the second instance, that the issue was abandoned, that the evidence would not support the finding asked for, or that it would have required a finding adverse to the appellant.

[7] At first glance it appears that the telegram accepting the offer varied from the terms of the offer in that it added a demand upon the seller for a certificate of title. The rule is statutory that an acceptance must be absolute and unqualified and that a qualified acceptance is a new proposal. (Sec. 1585, Civ. Code.) But here again we are confronted by appellant's failure to present a record disclosing error. The language used in the telegram of acceptance is "send deed and certificate for collection to First National Bank Hollywood." We are not satisfied that this is a demand upon the seller that he furnish a certificate of title at his own expense, or whether the respondent used the expression "certificate for collection," as referring to an authorization to the bank to receive and transmit the purchase money; and it does not appear from the letters alone what arrangements, if any, the parties had made as to a certificate of title in the

respondent''s letter of June 3d. These are all matters which could have been cleared at the trial without infringement upon the rule covering the admission of parol testimony, and we must upon this record assume that that was done.

The appellant strenuously insists that to affirm the judgment is to depart from the accepted rule regarding the specific performance of contracts of this nature. If the complaint had pleaded a contract which was void on its face a different situation would arise, but here the question is not one of the validity of the contract, but merely one of pleading and procedure. We have not questioned the general rule that to warrant the specific performance of a contract for the sale of real property it must contain all the material terms expressed in a sufficiently definite manner, or, to put it in a different way, that "the memoranda must contain all the material elements of the contract, that is, it must show who is the seller and who is the buyer, what the price is and when it is to be paid and must so describe the land that it can be identified." (*Breckinridge* v. *Crocker,* 78 Cal. 529, 535 [21 Pac. 179, 181].) There are, however, well-recognized exceptions to this general rule, and the one which is applicable here is appropriately stated by Mr. Justice Johnson in *Barry* v. *Coombe,* 1 Pet. (U. S.) 639, 652 [7 L. Ed. 295], where it is said: "Sir Francis Bacon in his elements of common law (Regula 23), is the author usually referred to on this distribution of ambiguities, into patent and latent; the former appearing on the face of the instrument, and not to be removed by extrinsic evidence, but only, in the language of the author, 'to be holpen by construction or election'; the latter raised by reference to extrinsic circumstances, and remediable by the same means. It would, perhaps, be a more convenient, and certainly, a more intelligible distribution of the doctrine on this subject, if the cases were divided into positive, relative and mixed; the positive corresponding to the patent; and the relative to the latent ambiguities of the authors who treat of the subject. The mixed, would consist of those cases in which, although the ambiguity is suggested on the face of the instrument, the face of the instrument also suggests the medium by which the ambiguity may be removed."

This case comes within the third classification above noted. In the first letter found in the complaint the appellant offers

to sell to the respondent "the property *I own* on the north-east corner of Santa Monica Blvd. and Formosa Avenue." This letter is in answer to respondent's letter of June 3d. By reference to this letter of June 3d, if for no other reason, that letter became admissible in evidence and by reference to the property which the appellant owned on this northeast corner evidence was admissible to further identify the property covered by the contract. Because, as we have heretofore said, none of this evidence has been brought up, we are unable to say that all the material terms of the contract were not made definite and certain "by full and clear proof" within the rule of *Reymond* v. *Laboudigue,* 148 Cal. 691, 694 [84 Pac. 189], and *Buckmaster* v. *Bertram,* 186 Cal. 673, 676 [200 Pac. 610], and, as we must assume on this record that such proof was made, the judgment must be affirmed.

Sturtevant, J., and Cabaniss, P. J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 8, 1926, but the opinion was modified to read as above; and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 6, 1927.

All the Justices concurred.