[Civ. No. 5006. Second Appellate District, Division Two.—December 19, 1927.]

H. G. STEVENS, Respondent, v. JANE B. WEISBAUM, as Executrix, etc., Appellant.

Sebald L. Cheroske for Appellant.

Bicksler, Smith & Parke for Respondent.

CRAIG, Acting P. J.—The plaintiff and respondent instituted this action against the executrix of the estate of Harry L. Weisbaum, deceased, alleging that from January 21, 1921, to July 31, 1921, plaintiff was employed by the H. G. Stevens Company, a corporation, at an agreed salary of $200 per month, of which but $47 had been paid, and that he advanced to the corporation $100, none of which sum had been repaid; that one C. C. Stevens, "plaintiff's assignor," was employed by said corporation from February 1, 1921, to July 31, 1921, at an agreed salary of $100 per month, of which amount but $20.51 had been paid. It was further alleged in the complaint that Harry L. Weisbaum was a stockholder of the corporation mentioned, and that his proportionate liability as such stockholder for the salaries remaining unpaid was $751 and $570 respectively; that Weisbaum died testate on June 3, 1921, and that the plaintiff had duly presented to the executrix of his estate proper claims for said amounts, each of which was rejected, and judgment was prayed therefor.

The defendant and appellant by answer denied the existence of the corporation, the employment of said parties, and the indebtedness, affirmatively alleging that the corporation applied to the commissioner of corporations for a permit to issue 4,000 shares of stock, 1,000 each to the plaintiff H. G. Stevens, C. C. Stevens, Benjamin L. Frank, and Harry L. Weisbaum, since deceased, but that these proceedings had not at the time of the latter's death been completed; that the "corporation was suspended" on March 4, 1922, for failure to pay the state license and franchise taxes; that the two Stevenses were actually liable with the defendant for any moneys due the plaintiff or "his assignor"; and by counterclaim appellant alleged that the

corporation incurred an indebtedness amounting to $1,062.46, of which $683.83 had been paid by said estate, and prayed that the Stevenses' proportionate share of such liability be set off against any judgment that might be rendered in favor of the plaintiff.

The trial court found generally that all of the allegations of the complaint were true, and specifically found that there were issued to Weisbaum on February 17, 1921, 425 shares, February 26, 1921, 200 shares, and March 8, 1921, 200 shares of the capital stock of the corporation in question; and that on February 11, 1921, there was issued one share of stock to each of the three other persons named in the pleadings; that the plaintiff had been paid his salary to April 15, 1921, and that his assignor had received $20.51 on account of the February services, and that the plaintiff had also been paid $47 on account of salary earned after April 15. The trial court rendered judgment for the full amount of $751 in favor of the plaintiff, and $535 to his assignor, against the estate, and the defendant appealed. We think the judgment was excessive.

█ There is no direct allegation in the complaint, nor did the court find, that the claim of C. C. Stevens had been assigned to the plaintiff; this party is mentioned several times in the complaint and answer as "plaintiff's assignor," and appellant in her pleadings demands an apportionment of any indebtedness as against "plaintiff or his assignor," in the event that one should be found to exist. No demurrer was filed by the defendant, and the assignment will therefore be inferred from the language of the complaint quoted, which under the circumstances of this case is sufficient. It has been held that in the absence of special demurrer an inferential statement of such facts, although not commended, will, after judgment, be sustained as a sufficient allegation for the purpose of trial. (*Estate of Behrens,* 130 Cal. 416, 418 [62 Pac. 603]; *Williams* v. *Ashe,* 111 Cal. 180 [43 Pac. 595]; *Amestoy* v. *Electric R. T. Co.,* 95 Cal. 311 [30 Pac. 550].) The plaintiff's right to maintain an action for the amount alleged to be due C. C. Stevens must therefore be upheld on appeal.

█ It is contended that the estate was not liable for any amount, and hence that the judgment must be reversed, because, it is asserted, Harry L. Weisbaum was not a

stockholder at the time the contracts of employment were *entered into.* It appears that respondent was employed on January 21, 1921, and that C. C. Stevens, his assignor, was employed on February 1, 1921, whereas Weisbaum acquired his stock in the amounts and upon the dates heretofore noted. However, allowing credit for the amounts found to have been paid on account of salaries, the plaintiff was personally compensated at the rate of about $6.70 per day after April 15 (at $200 per month), or until April 22, 1921, while his assignor commenced February 1, and had received $20.51. The deceased, who held all of the issued capital stock except three shares, became a stockholder on February 17, 1921. Appellant's theory is that although the employees were engaged at stipulated monthly salaries, that fact did not create a month-to-month service, but that since there was no showing as to when it should terminate, the contract of employment was in each instance a continuous one, commencing before the decedent became a stockholder, and that he was not bound thereby upon a stockholder's liability to contribute toward any portion of the salaries. But it has been held otherwise in this state. In *Shuler* v. *Corl,* 39 Cal. App. 195 [178 Pac. 535], it appeared that the plaintiff was employed under a written stipulation that she should work ''for as long a period as the plaintiff should choose to work for defendant, whether a month or years.'' It was there held that the plaintiff's employment was literally for life unless she chose to terminate it, but that ''the various sums of money which would become due to plaintiff would accrue at the end of each month during the period of her employment,'' so that, the action having been founded upon a contract made outside the state, the statute of limitations would bar each monthly amount, as it in turn passed beyond the two-year period.

Here, as there, at the end of each period of one month from the commencement of the service, the respective sums of $200 and $100 became *due* to the employees, and became an added obligation of the corporation. Plaintiff was not employed at the rate of $2,400 per annum, payable in equal monthly installments, nor was his assignor so employed. There is no analogy between the facts here presented and those of cases cited by appellant, where a

corporation ordered a quantity of goods, and assumed an obligation to purchase them, but they were in fact not delivered until after · one from whom it was subsequently sought to collect had become a stockholder. In the latter instances the whole obligation arose and became an existing agreement to pay the total sum, although the contract may not have been fulfilled, and payment may have been delayed, until a later date; whereas in the instant case nothing was due when the agreement was made, and each successive monthly sum became an obligation only as services were performed, from month to month.

We think, however, that the trial court was in error in allowing the full amount to each employee, since the deceased did not become a stockholder until February 17, 1921, whereas plaintiff's assignor commenced February 1, 1921, and was paid for about five days in that month. Weisbaum was not a stockholder at the time the February obligation was contracted for, or earned, but on March 1st, when the succeeding month began, he held 625 shares, and the other stockholders held one share each, upon which respective holding each became liable for his proportion of the unpaid amount due C. C. Stevens for salary. In April, 1921, Weisbaum held 1,000 shares and he and the other stockholders holding one share each became proportionately liable for the fractional month's salary due the plaintiff from April 15th to April 21st, plus the $100 loaned by the plaintiff, and less $47, as well as for the full month of April's services rendered by the latter's assignor. For the succeeding months of May, June, and July the four stockholders would be liable in like proportions for the salaries of said employees.

■ As to the counterclaim asserted by the appellant, there is no showing that the $683.83 represented an indebtedness growing out of the same transaction, or that it bore any relation whatsoever to the employment of the Stevenses. It could not legally be set off against any judgment rendered in this action.

The judgment should be modified in accordance with the foregoing, and, as so modified, the judgment is affirmed.

Thompson, J., and Valentine, J., *pro tem.*, concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 16, 1928.

All the Justices concurred.