[Civ. No. 6840. Second Appellate District, Division Two.—September 24, 1931.]

PETER JENSEN, Appellant, v. R. C. BURTON et al., Respondents.

Bicksler, Smith, Parke & Catlin for Appellant.

C. E. McDowell for Respondents.

ARCHBALD, J., *pro tem.*—From a judgment in favor of defendants on a complaint filed on a promissory note plaintiff has appealed.

In 1917 plaintiff, then and now a resident of Iowa, sold a farm belonging to him to defendants, who were also residents of that state at the time. The latter gave plaintiff the promissory note sued on, in the sum of $12,000, secured by a mortgage on the farm, which was made subject to a first mortgage of $18,000, placed thereon by defendants to raise a part of the purchase price of said farm. During the same year defendants made an agreement with one Holmes whereby the latter agreed to purchase the farm subject to the two mortgages above mentioned, which he assumed, giving in addition his unsecured note for $6,500 without interest until March 1, 1919, at which time he was to pay $4,000, the balance to be carried at six per cent interest until paid. Holmes paid the interest on the mortgages until March 1, 1925. The bank in which he was accumulating his interest money failed before the date for payment came, viz., March 1, 1925, and fearing that the holder of the first mortgage, the interest on which was also in default, would foreclose and put a receiver in possession of the farm and harvest whatever crops he might plant for that year, Holmes entered into an agreement with plaintiff whereby he quitclaimed to the latter, on March 16th of that year, all of his interest in the premises, and plaintiff immediately leased the farm to a brother of Holmes, who, in conjunction with the latter, farmed the property for two seasons and until the holder of the first mortgage took possession under a sheriff's deed. Suit to foreclose the first mortgage was filed November 25, 1925, judgment of foreclosure entered December 11th and the farm sold thereunder on January 13, 1926, to the plaintiff in the foreclosure action for the sum

of $21,014.75, being the amount due on the first mortgage together with attorney's fees and costs of foreclosure and sale. No redemption thereof having been made, the sheriff issued his deed to the holder of the first mortgage on January 15, 1927. Defendants having been residents of Los Angeles County for a number of years and plaintiff's security having been taken by said foreclosure suit, the latter brought action on the note in the county named, with the result mentioned.

Defendants filed their answer and cross-complaint admitting the execution of the note and denying that the amount of attorney's fees allowed was a reasonable one, and in addition to putting plaintiff upon his proof that the principal of the note and interest had not been paid, as separate defenses alleged conveyance of the property to Holmes and that the latter and plaintiff had entered into certain agreements by which the latter released Holmes from all liability to pay said note and mortgage so assumed by him, and without the knowledge of defendants, and that plaintiff thereby waived any and all claim against defendants and estopped himself from making such claim. We find no evidence, however, in support of this defense. The answer also set up as a defense the transfer from Holmes to plaintiff above mentioned in consideration of the cancellation by the latter of all obligations of Holmes to pay said note and mortgage, and upon the agreement that the note and mortgage "should be canceled and become null and void"; "that it was the express intention that said transaction should operate, and these defendants allege that it did so operate and merge in the plaintiff the fee title to said lands and the ownership of said note and mortgage securing the same; that it was the intention and the agreement between said parties that said transaction should operate as a cancellation and satisfaction of said note and obligation, and that said note did then and there and thereby become satisfied in full with all of the interest thereon then and thereafter due and payable, if any".

Findings were evidently waived by both parties, as we do not find any in the record before us and no point is made on account of the absence thereof. In such case "every intendment is in favor of the judgment, and, therefore, upon all of the issues raised by the pleadings it must

be presumed that the trial court, in effect, found all the facts necessary to support the judgment in favor of the plaintiff'' (*Gray* v. *Gray*, 185 Cal. 598, 599 [197 Pac. 945]).

■ The only question argued in the briefs is the one of merger and satisfaction of the note. Appellant urges that the evidence is wholly insufficient to support the judgment, and presents two contentions. The first is that respondents, not having any interest in the land and being strangers to the title to it, cannot raise the question of merger; the second, that merger is a question of intent, and ''that nowhere in the evidence in this case is there anything to show there was any intention to merge''.

Appellant cites as authority for his first contention the case of *Simpson* v. *Hall*, 47 Conn. 417, which is to the effect that the benefit of a merger ''and the right to insist upon its enforcement belong to those only who are interested in the estate''. In that case, however, the party claiming a merger had resulted from the conveyance by one Munson of certain mortgaged real estate to the assignee of the mortgage covering such property had neither an interest in the mortgaged property nor any liability on the note secured by the mortgage being foreclosed, and it would appear that he was a stranger indeed. In the instant case the land, even in the hands of plaintiff, must be considered as the principal and the defendants Burton as the sureties (*Braun* v. *Crew*, 183 Cal. 728, 731 [192 Pac. 531]), and consequently they had a real interest, as under such circumstances, the land being the primary fund for the payment of their personal obligation, ''whoever acquires that fund must be regarded as having applied the fund to the payment of the obligation'' (Quotation from *Bank* v. *Reis*, 136 Ill. 242 [26 N. E. 646], quoted with approval in *McDonald* v. *Magirl*, 97 Iowa, 677 [66 N. W. 904, 905]. See, also, *Braun* v. *Crew, supra*). Hence defendants were asserting a right that belonged to them, in pleading the merger and alleged consequent satisfaction of their own note.

■ Is there any evidence that would support a finding that such transaction resulted in a merger and consequent satisfaction of the note sued on here? ''In law a merger always takes place when a greater estate and a less coincide and meet in the same person in one and the same right, without any intermediate estate. The lesser estate is said to

be annihilated or merged in the greater, but a court of equity is not guided in this matter by the rules of law. It will sometimes hold a charge extinguished where it would continue to exist at law; and sometimes preserve it when at law it would be merged. The question is one of intention, actual or presumed, of the person in whom the interests are united." (*Rumpp* v. *Gerkens,* 59 Cal. 496, 501.) When it was shown that plaintiff became the owner of the fee and at that time was also the owner of an encumbrance covering the property, with no intervening interest or lien, a *prima facie* case of merger was presented under the rule above set out, and that seems to be the law of the state of Iowa, where the transaction occurred. (*McDonald* v. *Magirl, supra.*) The courts of that state also seem to hold that in such a case the law presumes that the purchaser bought the land at its value, less the amount of indebtedness secured thereon, and so the purchaser's mortgage merged in the fee and extinguished the debt. (*McDonald* v. *Magirl, supra.*) We stand, therefore, with a *prima facie* case of a merger which extinguished the debt. In addition to the presumption of value there is testimony from which the court could draw the conclusion that the value of the farm at the time of the conveyance to plaintiff was a sum in excess of the indebtedness on both mortgages. In addition to the *prima facie* case, plaintiff testified that Holmes gave him possession under the quitclaim deed and that he immediately rented the farm to Thomas Holmes, the former's brother; that both brothers continued to live on the farm, working it jointly, and that he received about $1800 in rent during the two years. Where one "assumes to deal with the estate as absolute owner, and conveys it to another, it proves a merger". (*Linforth* v. *Montgomery,* 195 Cal. 49 [231 Pac. 735, 737].) "The intention of the mortgagee that a merger shall result may be shown by his conduct, as where after acquiring the equity he conveys or leases the entire property to a stranger." (41 C. J. 778, sec. 873.) It also appears that at no time prior to the filing of the present action did plaintiff make any effort to collect either interest or principal of the indebtedness from either of the Holmes or of the defendants. Under the provisions of his mortgage plaintiff had the right to have a receiver appointed to take possession of the land, but did not avail himself

thereof, evidently preferring to exercise the authority over it as owner. It would seem to be clear that there is evidence from which the court could have found that a merger was intended and that the value of the land was such that not only the mortgage but the debt was extinguished. The fact that plaintiff, his grantor, Holmes, and the notary in whose presence the quitclaim deed was executed testified that plaintiff said he did not want to do anything to prevent him from holding the defendants on the second mortgage and note would seem merely to create a conflict in the evidence on the question of merger. The trial court having decided such question, it is our duty to presume that a finding was made to the effect that a merger resulted which extinguished the debt; and even though there is very persuasive evidence to the contrary, nothing remains for an appellate court to consider.

Judgment affirmed.

Works, P. J., and Craig, J., concurred.