[Civ. No. 2897.    Fourth Dist.    July 28, 1943.]

CREDIT BUREAU OF SAN DIEGO, INC. (a Corporation), Respondent, v. RETA HORETH, Appellant.

Vincent Whelan for Appellant.

Liggett & Liggett for Respondent.

MARKS, J.—This is an appeal from a judgment awarding plaintiff possession of personal property and special damages for its detention. The appeal is on the judgment roll alone. Findings of fact were waived.

The sole ground urged for a reversal of the judgment is that the complaint does not allege facts sufficient to constitute a cause of action as it failed to allege ownership in plaintiff or right to possession of the property at the time the action was filed on June 5, 1942. The only allegation on the question of ownership and right of possession is the following: ''That on or about the 17th day of February, 1942, and at all times hereinafter mentioned, plaintiff's assignor, R. A. Wright, was the owner and entitled to the immediate possession of the following goods and chattels, to-wit: . . .'' Defendant did not demur to the complaint and admits its insufficiency was not raised in the trial court.

The general rule is that a complaint for the recovery of personal property must allege ownership and right of possession, or facts showing right of possession at the time the action was filed. (*Stanley W. Smith, Inc.* v. *Pilgrim,* 93 Cal.App. 539 [269 P. 765]; *Affierbach* v. *McGovern,* 79 Cal. 268 [21 P. 837].)

Plaintiff cites the case of *Stevens* v. *Weisbaum,* 87 Cal.App. 664 [262 P. 762], where it is held that an allegation in a complaint to the effect that C. C. Stevens, plaintiff's assignor, etc., was owner and entitled to possession of personal property, was a sufficient inferential allegation of an assignment to make the pleading good against a general demurrer.

Should we agree with defendant that the allegations of the complaint failed to state a cause of action we could not reverse the judgment under the facts before us.

Where findings are waived it must be presumed on appeal that the trial court, in effect, found all facts necessary to support the judgment. (*Gordon* v. *Mount,* 125 Cal.App. 701 [13 P.2d 932]; *Jensen* v. *Burton,* 117 Cal.App. 66 [3 P.2d 324].)

When the appeal is on the judgment roll alone, we must presume, in support of the judgment, that the pleadings were treated as sufficient and that evidence on issues sufficient to support the judgment was introduced without objection. (*Kirk* v. *Culley,* 202 Cal. 501 [261 P. 994]; *Silvers* v. *Grossman,* 183 Cal. 696 [192 P. 534]; *Consolidated Produce Co.* v. *Takahashi,* 52 Cal.App.2d 753 [127 P.2d 281].) We may also presume that the parties in open court "expressly waived any insufficiency of the pleadings," (*Turner* v. *Stock,* 79 Cal. App. 662 [251 P. 814]), thus preventing either party from presenting the question of their insufficiency on appeal.

Further, section 4½ of article VI of the Constitution prohibits us from reversing a judgment "for any error as to any matter of pleading, . . . unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice." We cannot examine the evidence because it is not before us. Defendant has not attempted to point out any miscarriage of justice in this case. Under these circumstances we cannot reverse the judgment. (*Turner* v. *Stock, supra; Clinch* v. *Shafer,* 89 Cal.App. 423 [264 P. 794]; *Hougland* v. *Roth Blum Packing Co.,* 99 Cal.App. 631 [279 P. 159]; *Mahoney* v. *Atchison etc. Ry. Co.,* 101 Cal.App. 652 [281 P. 1108].) We are not permitted to presume that there has been a miscarriage of justice.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.